## LEVI DECKER v. WILLIAM A. HOUSE.

1. SUPREME COURT; *Allegations of Ownership, Held Sufficient.* Where H. sues D. before a justice of the peace upon a promissory note executed by D., and made payable to C. & Co. or bearer, and alleges in his bill of particulars, among other things, "that the balance, $25, is due and unpaid; that the claim is just; and plaintiff, being the owner of said note, demands judgment for $25, with interest from September 18, 1879, at the rate of ten per cent. per annum, with costs of suit;" and after judgment the case is appealed to the district court, and then after judgment in that court it is taken on petition in error to the supreme court; and no question was raised in either the justice's court or in the district court with reference to the sufficiency of the plaintiff's bill of particulars or his allegations of ownership, or with respect to the plaintiff's ownership in fact of the note, but the question of ownership is raised for the first time in the supreme court: *Held,* That the allegations of ownership must now be considered as sufficient.

2. NEW TRIAL; *Judgment, When Not Reversed.* The supreme court will not reverse a judgment of the district court on the ground that it is not sustained by sufficient evidence, unless a motion for a new trial has properly been made and filed in the district court upon the ground that the verdict or the decision, as the case may be, is not sustained by sufficient evidence, and unless such motion has been overruled.

### Error from Shawnee District Court.

AUGUST 12, 1882, *House* had judgment against *Decker*, who alleges error, and brings it here for review. The facts appear in the opinion.

*J. P. Greer,* for plaintiff in error.

*F. S. Stumbaugh,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced before a justice of the peace by William A. House against Levi Decker, on a promissory note for $36, payable to Cayhill & Co., or bearer. The plaintiff acknowledged the indorsement of $11 on the note, and asked to recover only the remainder, with interest. Judgment was rendered in favor of the plaintiff

and against the defendant for $26.25, and the defendant appealed to the district court, where a trial was again had and judgment was again rendered in favor of the plaintiff and against the defendant, for the sum of $25, with interest and costs, amounting in the aggregate to $28, and costs. The defendant now brings the case to this court, and asks that the judgment be reversed.

The plaintiff in error, defendant below, alleges in his petition in error that the court below erred "in giving judgment for the plaintiff, when by law judgment should have been given for the defendant." This is the only alleged error. This alleged error is founded upon the grounds: (1) That the pleadings in the case did not authorize any judgment in favor of the plaintiff below and against the defendant below; (2) that the evidence did not authorize any such judgment. And these are the only grounds upon which said supposed error is founded.

I. It is claimed that the pleadings did not authorize a judgment in favor of the plaintiff below and against the defendant below, for the reason that the note was not made payable to the plaintiff below, and the plaintiff did not sufficiently allege in his bill of particulars that the note had been transferred to him, or that he in any manner had become the owner thereof. As before stated, the note was made payable to Cayhill & Co., *or bearer.* The plaintiff sued on it, and alleged in his bill of particulars among other things "that the balance, $25, is due and unpaid; that the claim is just; and plaintiff, being the owner of said note, demands judgment for $25, with interest from September 18, 1879, at the rate of ten per cent. per annum, with costs of suit." Now the plaintiff sued on the note, and in his bill of particulars demanded judgment thereon; said that the claim was just; and used the following among other words: "plaintiff, being the owner of said note;" and the case seems to have been litigated from beginning to end, in the justice's court and in the district court, without any question being raised as to the sufficiency of the plaintiff's bill of particu-

Decker v. House.

lars, or as to the sufficiency of his allegations of ownership, or as to his being in fact the real owner of the note. This question is raised for the first time in the supreme court, and therefore, although the allegations in the plaintiff's bill of particulars with regard to the ownership of the note are not very formal, yet we think they must now be held to be sufficient. The defendant, plaintiff in error, raises the question too late to make it available to him.

II. The plaintiff in error, defendant below, also claims that the judgment of the court below is not sustained by sufficient evidence. Neither is this question available in this court, for the reason that the plaintiff in error, defendant below, did not make or file any motion for a new trial in the court below. We have frequently held that all errors occurring during the trial, including supposed erroneous findings of the court or jury, are waived, and cannot be considered by this court unless a motion for a new trial, founded upon and including such supposed errors, has been made and overruled in the district court. (*Nesbit v. Hines,* 17 Kas. 316; *Rice v. Harvey,* 19 id. 144; *Fowler v. Young,* 19 id. 150; *Lucas v. Sturr,* 21 id. 480; *City of Atchison v. Byrnes,* 22 id. 65, 67, 68; *Holland v. Mudenger,* 22 id. 731; *Gruble v. Ryus,* 23 id. 195; *Pratt v. Kelley,* 24 id. 111; *Clark v. Imbrie,* 25 id. 424; *Kerner v. Petigo,* 25 id. 652; *Mills v. Kansas Lumber Co.,* 26 id. 576, 580; *Hover v. Tenney,* 27 id. 133.)

The supreme court will not reverse a judgment of the district court on the ground that it is not sustained by sufficient evidence, unless a motion for a new trial has properly been made and filed in the district court, upon the ground that the verdict or the decision, as the case may be, is not sustained by sufficient evidence, and unless such motion has been overruled.

The judgment of the court below will be affirmed.

All the Justices concurring.