JOHN McDERMOTT v. P. H. HALLECK, *as Receiver, et al.*

No. 12,579. (69 Pac. 335.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*When Motion for New Trial is Necessary.* A new trial is a reexamination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the code are the petition, answer, and reply. Hence, the filing and determination of a mo-

tion for a new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize this court to review the order made upon such hearing.

2. PROMISSORY NOTES—*Guaranty*. The evidence examined and found insufficient to support the order made.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed July 5, 1902. *In banc*. Reversed.

*Valentine, Godard & Valentine,* for plaintiff in error.

*T. E. Dewey,* for defendant in error P. H. Halleck, receiver.

The opinion of the court was delivered by

POLLOCK, J.: Thomas Kirby was the owner of a private bank, conducted under the name of the Thomas Kirby Bank. At the same time he acted as the agent of plaintiff in error, who resided at Jamestown, Pa., in the business of loaning money on real estate in Dickinson county. Among other loans by him made was one to F. R. Carpenter, in amount $2600, secured by a second mortgage on a half-section of land, the first mortgage being for $6000 to one Doctor Austin. Proceedings to foreclose these mortgages were instituted. Personal judgments were entered on the notes and a decree rendered foreclosing the mortgages and ordering sale of the property. After an order of sale had been issued, but before sale, Carpenter conveyed the property to Doctor Austin. Thereupon, the order of sale outstanding was returned. Doctor Austin contracted to sell the real estate to Thomas Kirby for the amount of his judgment lien thereon, $7200, and Kirby contracted to sell the land to one Cooper, and took, as evidencing the purchase-price to be paid, eleven notes of $1000 each. Thereafter, Kirby paid to Doctor Austin the

amount agreed on as the purchase-price and received a conveyance of the property.   Cooper paid no part of the purchase-money notes.

Thereafter, plaintiff in error with his attorney came to Kansas to investigate the condition of his real-estate loans.   For his interest in the property, Kirby indorsed and guaranteed payment of three of the $1000 notes received from Cooper on his contract of sale of the property to Cooper, and delivered them to plaintiff in error, who in return therefor delivered to Kirby the $2600 notes of Carpenter, then in judgment, and the second mortgage securing the same, then foreclosed.   Thereafter, the Thomas Kirby Bank being insolvent, an action in liquidation was commenced by the the attorney-general of the state against the bank, and defendant in error Halleck was duly appointed receiver of the bank.   The half-section of land mentioned came into the possession of the bank and was sold by the receiver for the sum of $5400.   The three promissory notes of plaintiff in error, made by Cooper and indorsed and guaranteed by Kirby, were presented to the receiver for allowance as a demand against the trust in his hands, which allowance the receiver refused.   Thereupon, plaintiff in error filed his motion in the original liquidation case for an order against the receiver, directing him to allow the notes as a claim against the estate in his hands as receiver, and for an order directing the receiver to pay on this claim in proportion to the amount paid on the demands of other creditors of the trust.   To this motion there were attached as exhibits, and made part of the motion, copies of the notes and indorsements thereon.   The receiver filed an answer to this motion, alleging want of consideration moving to Kirby or the bank from plaintiff in error for the indorsement and guaranty

of payment of the notes., This. motion came on for hearing before the court. The evidence of both parties was introduced and the matter taken under advisement by the court for future determination.

Afterward, in the absence of counsel for plaintiff in error, the court made findings from the evidence offered, and entered an order overruling the motion and denying the application for allowance. From this order the present proceeding in error is prosecuted. No motion for a new trial of the motion or application for allowance was made or determined in the court below.

Upon this record and the briefs and argument of counsel arise two questions for our determination : First, will the order of the trial court be reviewed here, in the absence of a motion for a new trial's having been filed in and ruled on by the trial court ? Second, if so, was there such an entire want of consideration moving to Kirby for his indorsement and guaranty found on the notes as to relieve him and his estate from liability thereon ?

The question of general importance in this case is, Will this court review the alleged errors arising upon the hearing and determination of this motion, in the absence of the filing and presentation of a motion for a new trial to the court below, for the purpose of affording that court an opportunity for the correction of such errors ? As we shall presently see, this question has received consideration from the courts of other states having code provisions similar to our own, but we believe the. precise question has not heretofore been before this court for determination. It has long been the settled rule of this court, firmly held, that errors occurring upon the trial cannot be considered or reviewed by

1. Motion for new trial unnecessary.

this court unless a motion for a new trial, founded upon and including such errors, has been presented to and overruled by the trial court and exception saved. (*Decker v. House*, 30 Kan. 614, 1 Pac. 584; *Buettinger v. Hurley*, 34 id. 585, 9 Pac. 197; *Ritchie v. K. N. & D. Rly. Co.*, 55 id. 36, 39 Pac. 718.)   Hence, if the hearing and determination of the motion filed by plaintiff in error was a *trial*, in contemplation of law, and as that word is used in and defined by the code, it is evident that any alleged error occurring at such trial cannot be reviewed or corrected in this present proceeding.

Was it a trial and judgment, or a hearing and order? The word "trial" is defined by the code, as follows:

"A *trial* is a judicial examination of the issues, whether of law or fact, in an action."   (Civil Code, § 265; Gen. Stat. 1901, § 4712.)

The derivation and definition of the word *issues* are found in article 14 of the code (Gen. Stat. 1901, §§ 4708–4711):

"*Issues* arise on the *pleadings*, where a fact or conclusion of law is maintained by one party, and controverted by the other. They are of two kinds: First, of law; second, of fact." (Id. § 4708.) "*An issue of law* arises upon a demurrer to the petition, answer, or reply, or to some part thereof." (Id. § 4709.) "An *issue of fact* arises: *First*, upon a material allegation in the petition, controverted by the answer; or, *second*, upon new matter in the answer, controverted by the reply; or, *third*, upon new matter in the reply which shall be considered as controverted by the defendant without further pleading." (Id. § 4710.)

The word "pleadings," as used in section 261 (id. § 4708), is defined by section 84 of the code (id. § 4518) as follows:

"The *pleadings* are the written statements, by the

parties, of the facts constituting their respective claims and defenses."

By the provisions of section 85 of the code (id. § 4519), all prior rules as to pleadings in civil actions were expressly abolished. Section 86 (id. § 4520) limits and defines the only *pleadings* permissible by the code, as follows:

"The only pleadings allowed are: *First*, the petition by the plaintiff; *second*, the answer or demurrer by the defendant; *third*, the demurrer or reply by the plaintiff; *fourth*, the demurrer by the defendant to the reply of the plaintiff."

Section 87 (id. § 4521) prescribes what the petition must contain, as follows:

"The petition must contain: *First*, the name of the court and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition'; *second*, a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition; *third*, a demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time from which interest is to be computed shall be also stated."

A new trial is provided for and defined by the code as follows:

"A *new trial* is a reexamination in the same court of *an issue of fact*, after a verdict by a jury, report of a referee, or a decision by the court." (§ 306; Gen. Stat. 1901, § 4754.)

We are of the opinion that the conclusions which naturally, logically and inevitably result from an examination and comparison of the different code provisions having reference to trials and new trials are these: First, the only *pleadings* possible under the

McDermott v. Halleck.

code are the petition, answer, reply, and demurrer; second, *issues* can arise only upon *pleadings;* third, a *trial* is had only of issues ; fourth, a *new trial* is had only of *issues of fact* after such issues of fact have been once determined by a referee, a jury, or a court ; fifth, the *issue of fact* so to be reexamined upon a *new trial* must have arisen upon a material allegation in the petition controverted by the answer, new matter in the answer controverted by the reply, or new matter in the reply denied without further pleading.

Applying these conclusions to the case at bar, we find the paper filed by plaintiff in error lacking in all the essential elements of a petition.   It is not styled a petition.   There is therein no plaintiff and no defendant.   It seeks no judgment of the court.   It prays no relief against the defendant in the action. It requests merely the making of an order by the court upon an officer of the court.   It is in form and character of relief sought identical with that which is provided for by section 532 of the code (Gen. Stat. 1901, § 5009) : "A motion is an application for an order, addressed to the court, or a judge in vacation, by any party to a suit or proceeding, or any one interested therein or affected thereby."

The presentation and determination of this motion or application was a *hearing*, not a *trial*.   In denying the relief sought, the court entered no judgment ; that is, made no decision of an issue of fact, as that phrase is defined by the code.   The court refused to direct the receiver to allow and make payment on the demand. This direction was an *order*.   Section 538 of the code (Gen. Stat. 1901, § 5015) provides : "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is an order."   The fact that the receiver filed what he styled an answer to this

motion is immaterial. In the absence of this answer, all defenses to the motion were open to the receiver. It follows that, in the determination of this motion or application of plaintiff in error, the trial court rendered no decision on an issue of fact arising upon pleadings. Therefore, the filing and hearing of a motion for a new trial in the court below were unnecessary and not required to authorize a review of the errors alleged by this court. As supporting the conclusion reached, see *Slobodisky v. Curtis*, 58 Neb. 211, 78 N. W. 522 ; *Harper v. Hildreth*, 99 Cal. 265, 33 Pac. 1103 ; *Beach v. Spokane R. & W. Co.*, 21 Mont. 7, 52 Pac. 560 ; *Charles Stone, Assignee, v. Bank*, 8 Ohio C. C. 636 ; *First Nat. Bank v. Swan*, 3 Wyo. 356, 23 Pac. 743 ; 2 Thomp. Trials, § 2716 ; 4 Encyc. Pl. & Pr. 853.

This brings us to a consideration of the matter upon its merits. From the evidence offered upon the hearing of the application, the court made certain findings of fact and conclusions of law based thereon which are incorporated in the order made. Among others was the following finding of fact :

2. Consideration for guaranty sufficient.

"In 1893 John McDermott, with an attorney, came from Pennsylvania to Kansas for the purpose of looking after and making settlement of his Kansas loans. While in Abilene, McDermott gave Kirby the original $2600 Carpenter note and mortgage, which, at that time, was in judgment in the aforesaid foreclosure proceedings ; neither the note nor the mortgage was indorsed or assigned to Kirby by McDermott ; both Kirby and McDermott knew the note and mortgage had gone to judgment, but neither spoke to the other about the same at the time of the transfer of the note, nor was there at that time or at any other time an assignment of the foreclosure judgment on said note and mortgage made by McDermott to Kirby ; at the same time that McDermott gave Kirby the said $2600 note and mortgage, Kirby gave McDermott in exchange

therefor three of the said C. W. Cooper notes of $1000 each, and at the same time Kirby indorsed said three notes and guaranteed the payment of the same on the back thereof. Thomas Kirby indorsed and guaranteed the payment of said three $1000 Cooper notes through his 'friendship for McDermott,' whom he had known for thirty-five years.''

And as a conclusion of law based thereon, the court found the following :

''Thomas Kirby received no consideration for indorsing and guaranteeing the payment of the said three $1000 C. W. Cooper notes in controversy, and the same being without consideration, the receiver is not liable to McDermott for dividends thereon.''

It is insisted by counsel for plaintiff in error that this finding of fact and conclusion of law are wholly at variance with the testimony found in the record. From an examination of the record we are inclined to agree with this contention. The only witnesses who testified upon the hearing were plaintiff in error, his attorney, Mr. Kittrell, who was present when the agreement was made between Kirby and plaintiff in error concerning the Cooper notes, and Thomas Kirby. Both plaintiff in error and Kittrell testified that the consideration for the indorsement and guaranty of payment of the Cooper notes by Kirby was the surrender of the second-mortgage lien of plaintiff in error on the property. Whatever may have been the value of this lien, much or little, it was, in our opinion, ample to sustain the contract of indorsement and guaranty made by Kirby upon the notes. The bank thereafter having received and disposed of the property, free and unencumbered from this lien, and Kirby and the bank being one in law, it follows that plaintiff in error was entitled to participate in the dividends paid by the trust in the hands

of the receiver, unless some other and conflicting testimony is found in the record. The only witness who testified in behalf of the receiver was Kirby. His evidence, instead of being contradictory of and conflicting with that of plaintiff in error, was clear and positive that he indorsed, guaranteed and delivered the Cooper notes to plaintiff in error in consideration of the interest plaintiff in error held in the land represented by his second-mortgage lien, and not that he indorsed, guaranteed and delivered the notes to plaintiff in error through his friendship, as found by the court.

It follows that the order made in denying the relief sought by the motion is erroneous, and must be reversed, as not supported by the evidence, with directions to proceed further in accordance with the views herein expressed.

All the Justices concurring.