OWEN v. DISTRICT COURT OF OKLAHOMA COUNTY
*et al.*

No. 5228. Opinion Filed June 16, 1914.

Rehearing Denied September 22, 1914.

(143 Pac. 17.)

1. **PROHIBITION—Grounds—Unauthorized Judicial Action.** A writ of prohibition will issue to prevent a trial court from reconsidering its order denying a new trial on a motion or petition for a new trial and rehearing the same after the expiration of the trial term, since such action is an unauthorized application of judicial force and is void.

2. **NEW TRIAL—Petition—Time for Hearing—Extension.** The office of a motion for a new trial and of a petition for a new trial is the same; and a motion for a new trial to review the order of the court denying such motion or petition is unauthorized by statute and unnecessary, and does not have the effect of extending the time within which the trial court can reconsider its order denying a petition for a new trial beyond the term at which the same was made.

(Syllabus by the Court.)

Kane, C. J., dissents.

Original petition for writ of prohibition by Lula Owen against the District Court of Oklahoma, in and for the Thirteenth Judicial District of Oklahoma, and Hon. George W. Clark, Judge. Writ issued.

*F. E. Riddle,* for plaintiff.

*Shartel, Keaton & Wells,* for defendants.

BLEAKMORE, J. This matter comes before this court upon an original petition for writ of prohibition to be issued against the district court of Oklahoma county and Hon. George W. Clark, judge thereof presiding. In substance, it is alleged in the petition: That the plaintiff, in December, 1910, filed her petition in the district court of Oklahoma county declaring upon a contract of insurance in the sum of $5,000 and interest. Issues were joined on said petition, and said cause came on for final trial before the respondent, Hon. George W. Clark, on the 20th day of October, 1911, resulting in a judgment for $5,246.65 for the plaintiff. A copy of said judgment is attached as an exhibit to the petition. That on the 4th day of December, 1911, the Continental Casualty Company, defendant in said cause, filed its motion for a new trial, and the same came on regularly for hearing, which was by the court denied and exceptions taken. That petition in error was prosecuted to this court, and that on the 4th day of April, 1913, an opinion was filed in this court affirming the judgment of the trial court. That a petition for rehearing was filed, which was denied, and mandate of this court was issued. That in February, 1912, and while said original cause was in progress of appeal to this court, the Continental Casualty Company, defendant in said cause, filed its application in the district court of Oklahoma county for a new trial, on the ground of newly discovered evidence. That said application for new trial was heard on the 13th day of March, 1912, and the matter taken under advisement until the 6th day of April, 1912, when an order was made by the court denying said application. After the court made the order denying the application for a new trial, the petitioner therein, Continental Casualty Company, filed its formal motion for a new trial, praying that the order denying its application for a new trial be vacated and a rehearing had thereon for the alleged causes:

"(1) Said finding and judgment are not sustained by sufficient evidence. (2) Said finding and judgment are contrary to law and to the weight of the evidence. (3) Errors of law occurring at the trial and duly excepted to by said plaintiff at the time."

No action was taken on this motion, except to continue the same from term to term for a period of a year or more, and until after the affirmance of the original judgment in this court and issuance of mandate thereon. The answer defendants filed in this cause admits, substantially, the facts alleged in said petition, and sets forth copies of its application for a new trial upon newly discovered evidence, with the exhibits attached, and the answer of plaintiff to said petition for a new trial in the district court, together with the rulings of said court thereon. On May 31, 1913, over the protest of the plaintiff, Lula Owen, that the district court had no further jurisdiction in said matter, the court entered its order attempting to set aside and vacate the order theretofore entered in April, 1912, denying the petition for new trial, and unless prohibited will proceed further in said cause, and again hear said application for a new trial.

Did the district court of Oklahoma county lose jurisdiction to act further in said proceeding after the term at which the petition for new trial was heard and denied? In determining this question we must take into consideration the question as to whether the petition of the defendant the Continental Casualty Company for a new trial and the proceeding thereon in the district court constitute an action or a special proceeding, and whether a motion for a new trial thereof was a necessary prerequisite to a review of such proceeding in this court, provided by statute. And in this connection it will be pertinent to ascertain: (1) Whether or not said petition for a new trial comes within the statutory provision defining a petition as a pleading; (2) whether said petition is a pleading such as is defined and contemplated by the statute; (3) were the proceedings had thereon a "trial" within the meaning of that term as defined by the statute; and (4) did the action of the court denying the prayer of said petition constitute a judgment?

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Section 5536, Comp. Laws 1909 [sec. 4644, Rev. Laws 1910].)

"Every other remedy is a special proceeding." (Section 5537, Comp. Laws 1909 [sec. 4645, Rev. Laws 1910].)

The proceeding in the district court was begun under section 5829, Comp. Laws 1909 (sec. 5037, Rev. Laws 1910), which is as follows:

"Where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after discovery, on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 5614. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

In *Magill v. Lyman,* 6 Conn. 59, speaking of a petition for new trial, it is said:

"But it is a singular termination of a cause when neither party recovers anything but the bootless privilege of further litigation. A suit or action is a legal demand of one's right; but a petition for a new trial, like a motion for the same object, is not an action. It demands nothing, but simply asks permission to review a cause already decided, which the court may award of their own accord, if satisfied that justice has not been done."

Section 5825, Comp. Laws 1909 (sec. 5033, Rev. Laws 1910), defines new trial, and provides that:

"The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: * * * Second, misconduct of the jury or prevailing party; * * * seventh, newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

By section 5828, Comp. Laws 1909 (sec. 5036, Rev. Laws 1910), the application must be made by motion, upon written grounds filed at the time of making the motion.

And section 5827, Comp. Laws 1909 (sec. 5035, Rev. Laws 1910), provides that such aplication must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly discovered evidence shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.

It seems that the only difference made by the statute in the procedure requisite to an application for a new trial at the term at which the verdict or decision was rendered, and thereafter is that in the first instance the same must be presented to the trial court at the same term and within three days, unless unavoidably prevented, and that in the second it may presented upon the same grounds not later than the second term after the discovery, and not after the expiration of one year after the time the final judgment was rendered. There is no difference as to method of the hearing, except that in the latter instance the court is authorized to hear evidence of witnesses in open court or by way of depositions. The decision of the court, in either instance, results in an order either granting or denying the prayer of the movant, or petitioner, that a re-examination of the issues, after verdict of the jury or decision of the court, may be had in the original proceeding, and not in a judgment such as is contemplated or required to be rendered in an ordinary action.

"A judgment is the final determination of the rights of the parties in an action." (Section 5123, Rev. Laws 1910.)

"Every direction of a court or judge made, or entered in writing, not included in a judgment, is an order." (Section 5316, Rev. Laws 1910.)

The petition for a new trial is heard and summarily decided at the ensuing term, or, if filed in term time, within 20 days after the service. A petition for a new trial presents identically the same grounds as a motion therefor, and is heard and determined by the court in the same manner, but at a subsequent term.

As to whether a petition for a new trial should be filed in the original case, or separately and independently, the statute is silent; but a proceeding on an application for a new trial, whether by motion or petition, necessarily arises out of the action as originally brought, and is merely incidental and intermediate to the final termination thereof.

"The only pleadings allowed are: First, the petition by the plaintiff; second, the answer or demurrer by the defendant; third, the demurrer or reply by the plaintiff; fourth, the demurrer by the defendant to the reply of the plaintiff." (Rev. Laws 1910, sec. 4736.)

In the case of *McDermott v. Halleck*, 65 Kan. 403, 69 Pac. 335, Mr. Justice Pollock ably and exhaustively discusses questions decisive of this cause in the following language:

"It has long been the settled rule of this court, firmly held, that errors occurring upon the trial cannot be considered or reviewed by this court unless a motion for a new trial, founded upon and including such errors, has been presented to and overruled by the trial court and exception saved. *Decker v. House*, 30 Kan. 614, 1 Pac. 584; *Buettinger v. Hurley*, 34 Kan. 585, 9 Pac. 197; *Ritchie v. K., N. & D. Ry. Co.*, 55 Kan. 36, 39 Pac. 718. Hence, if the hearing and determination of the motion filed by plaintiff in error was a 'trial,' in contemplation of law, and as that word is used in and defined by the Code, it is evident that any alleged error occurring at such trial cannot be reviewed or corrected in this present proceeding.

"Was it a trial and judgment, or a hearing and order? The word 'trial' is defined by the Code as follows: 'A "trial" is a judicial examination of the issues, whether of law or fact, in an action.' Civil Code, sec. 265 (Gen. Stat. 1901, sec 4712).

"The derivation and definition of the word 'issues' are found in article 14 of the Code (Gen. Stat. 1901, secs. 4708-4711). '*Issues* arise on the *pleadings,* where a fact or conclusion of law is maintained by one party, and controverted by the other. They are of two kinds: First, of law; second, of fact.' *Id.* sec. 4708. 'An *issue of law* arises upon a demurrer to the petition, answer, or reply, or to some part thereof.' *Id.* sec. 4709. 'An *issue of fact* arises: First, upon a material allegation in the petition, controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply which shall be considered as controverted by the defendant without further pleading.' *Id.* sec. 4710. The word

'pleadings,' as used in section 261 (*Id.* sec. 4708), is defined by section 84 of the Code (*Id.* sec. 4518) as follows: 'The *pleadings* are the written statements, by the parties, of the facts constituting their respective claims and defenses.'

"By the provisions of section 85 of the Code (*Id.* sec. 4519), all prior rules as to pleadings in civil actions, were expressly abolished. Section 86 (*Id.* sec. 4520) limits and defines the only *pleadings* permissible by the Code, as follows: 'The only pleadings allowed are: First, the petition by the plaintiff; second, the answer or demurrer by the defendant; third, the demurrer or reply by the plaintiff; fourth, the demurrer by the defendant to the reply of the plaintiff.'

"Section 87 (*Id.* sec. 4521) prescribes what the petition must contain as follows: 'The petition must contain: First, the name of the court and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word "petition"; second, a statement of the facts constituting the cause of action in ordinary and concise language and without repetition; third, a demand of the relief to which the party supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time from which interest is to be computed shall be also stated.'

"A new trial is provided for and defined by the Code as follows: 'A *new trial* is a re-examination in the same court of an *issue of fact,* after a verdict by a jury, report of a referee, or a decision by the court.' Section 306 (Gen. Stat. 1901, sec. 4754).

"We are of the opinion that the conclusions which naturally, logically, and inevitably result from an examination and comparison of the different Code provisions having reference to trials and new trials are these: First, the only *pleadings* possible under the Code are the petition, answer, reply, and demurrer; second, *issues* can arise only upon pleadings; third, a *trial* is had only of issues; fourth, a *new trial* is had only of *issues of fact* after such issues of fact have been once determined by a referee, a jury, or a court; fifth, the *issues of fact* so to be re-examined upon a *new trial* must have arisen upon a material allegation in the petition controverted by the answer, new matter in the answer controverted by the reply, or new matter in the reply denied without further pleading. * * * The presentation and determination of this motion or application was a *hearing,* not a *trial.* In denying the relief sought, the court entered no judg-

ment; that is, made no decision of an issue of fact, as that phrase is defined by the Code. The court refused to direct the receiver to allow and make payment on the demand. This direction was an *order*. Section 538 of the Code (Gen. Stat. 1901, sec. 5015) provides: 'Every direction of a court or judge, made or entered in writing, and not included in a judgment, is an order.' The fact that the receiver filed what he styled an answer to this motion is immaterial. In the absence of this answer, all defenses to the motion were open to the receiver. It follows that, in the determination of this motion or application of plaintiff in error, the trial court rendered no decision on an issue of fact arising upon pleadings. Therefore the filing and hearing of a motion for a new trial in the court below were unnecessary and not required to authorize a review of the errors alleged by this court. As supporting the conclusion reached, see *Slobodisky v. Curtis*, 58 Neb. 211, 78 N. W. 522; *Harper v. Hildreth*, 99 Cal. 265, 33 Pac. 1103; *Beach v. Spokane, R. & W. Co.*, 21 Mont. 7, 52 Pac. 560; *Charles Stone, Assignee, v. Bank*, 8 Ohio Cir. Ct. R. 636; *First Nat. Bank v. Swan*, 3 Wyo. 356, 23 Pac. 743; 2 Thomp. Trials, sec. 2716; 4 Ency. Pl. & Pr. 853."

In *Powell v. Nichols et al.*, 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886, this court, speaking through Mr. Justice Williams, asks:

"Is it necessary for a motion for a new trial to be filed in order to review the action of a *nisi prius* court in granting or overruling a motion where evidence is heard thereon?"

And, answering, holds:

"1. The first question seems to have been settled in the case of *McDermott v. Halleck, as Receiver, et al.*, 65 Kan. 403 [69 Pac. 335], paragraph 1 of the syllabus being as follows: 'A new trial is a re-examination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the case are the petition, answer, and reply. Hence the filing and determination of a motion for a new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize the court to review the order made upon such hearing.' "

In *Buxton v. Alton-Dawson Mer. Co.*, 18 Okla. 287, 90 Pac. 19, it is held:

"The office of a motion for a new trial is simply to bring to the attention of the court the matters complained of occurring on the trial and to preserve such matters in the record for presentation to the Supreme Court. Questions arising upon motions and demurrers are preserved by a simple exception. They are not a part of the trial, properly speaking. No motion for a new trial is necessary in order that they may be preserved in the record, and, being unnecessary, no motion can extend the application of the statute of limitations when the ruling of the trial court is sought to be reviewed by the Supreme Court."

Our statute (section 4988, Rev. Laws 1910) provides:

"A trial is a judicial examination of the issues, whether of law or fact in an action."

"Issues arise on the pleadings, where a fact or conclusion of law is maintained by one party, and controverted by the other. There are two kinds: First, of law. Second, of fact." (Section 4989, Rev. Laws 1910.)

"An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading." (Section 4991, Rev. Laws 1910.)

Nowhere in the statute is there found a provision requiring or authorizing the filing of a motion for a new trial to call the attention of the trial court to errors assigned on the granting or denying of a motion or a petition for a new trial. The office of a motion and of a petition for a new trial is the same, and we are therefore constrained to hold that an application for a new trial, whether by motion or petition, and the proceedings thereon, do not constitute an action as defined by our statute; that the petition for a new trial does not come within the definition of, and is not such a pleading as is contemplated by or embraced by the terms of, the statute; that the proceedings upon a petition for a new trial necessary to a determination thereof do not require an examination and adjudication of issues of law or fact as in an ordinary action embraced within the provisions of the statute, and such proceedings do not constitute a trial within the meaning of the term; and we further conclude that the filing of a motion for a new trial to review the action of the court upon the orig-

inal petition or a motion for a new trial is unnecessary and unauthorized. Such motion for a new trial being a vain and useless act, which could not have the effect to extend the time within which the trial court might reconsider its order denying the petition for a new trial beyond the term, it follows that said order became final at the expiration of the term, and that the district court of Oklahoma county and the judge thereof was without jurisdiction at a subsequent term to reconsider the matter and vacate and set aside the same and grant a rehearing of said petition. *Bond v. Cook,* 28 Okla. 446, 114 Pac. 723.

In *Lookabaugh v. Cooper,* 5 Okla. 102, 48 Pac. 99, it is said in the syllabus:

"In the absence of a showing of irregularity, fraud, unavoidable casualty or misfortune, the district court has no power to set aside its order overruling a motion for a new trial, upon a reconsideration of the same motion already passed upon, and a reversal of such order can be had only by proceedings in error in the Supreme Court."

In the body of the opinion it is said:

"There is no provision of our Code which grants a party the right to make a second motion for a new trial upon the same grounds as stated in the first motion. Nor is there any provision of the Code authorizing the district court to vacate or modify its own judgments or orders, without any showing of grounds therefor."

And, again:

"There is nothing anywhere in the statute that we have observed, or that has been called to our attention, that would give the district court the right to reverse its own action in passing upon a motion for a new trial, where no question was presented other than that which was passed upon on the presentation of the original motion."

In *White v. Superior Court et al.,* 72 Cal. 475, 14 Pac. 87, the Supreme Court of California, in the syllabus, held:

"Under the California practice, where the notice of the intention to move for a new trial, as served upon the opposite party, specifies that the motion will be heard upon a statement of the case, and the notice is not filed, and no draft statement of the case for new trial has been served or filed, the trial court

has no power to consider the motion; and if it persists in doing so, the Supreme Court will issue a writ of prohibition to prevent it."

In *State ex rel. Brown, Prosecuting Attorney, v. Wall, Special Judge,* 113 Mo. 42, 20 S. W. 883, the Supreme Court of Missouri held:

"Prohibition will lie to prevent a judge granting a new trial after expiration of the trial term, since such act is not merely erroneous, but is void, for want of jurisdiction."

The rule laid down by this court in the case of *A., T. & S. F. Ry. Co. v. Love,* 29 Okla. 738, 119 Pac. 207, is in harmony with the foregoing doctrine as laid down by the Supreme Courts of California and Missouri. See, also, *Evans v. Willis, County Judge,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258.

The Supreme Court of California in *Dorland v. Cunningham,* 66 Cal. 484, 6 Pac. 135, also held:

"The statute authorizes but one motion for a new trial, and makes the ruling thereon final, so far as the superior court is concerned. For aught that appears in the transcript, the motion to set aside the order granting a new trial was made *ex parte,* and upon the same papers as those used on the motion for a new trial. If the practice of moving to set aside an order granting or denying a new trial should be allowed, 'the proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum.* There must be some point where litigation in the lower court terminates, and the losing party is turned over to the appellate court for redress.' Niles, J., in *Coombs v. Hibberb,* 43 Cal. 453. In the case just cited, an order vacating an order refusing a new trial was reversed."

Holding, as we do, that the district court of Oklahoma county has lost jurisdiction to reconsider its order denying the petition for a new trial, and that to further proceed therein would be an unauthorized application of judicial force, to require the plaintiff herein to invoke the remedy of appeal from the void action of such court, and occasion the delay and expense necessarily incident thereto, would result in unnecessary and unreasonable hardship, and therefore petitioner is entitled to a writ

of prohibition as prayed for; the same is awarded, directed to the said court and the respondent Hon. George W. Clark, judge thereof presiding, prohibiting said court and the judges thereof from further proceeding in the matter complained of.

KANE, C. J., dissents. RIDDLE, J., disqualified, not participating. All the other Justices concur.