### JONES et al. v. FRANK.

No. 8069—Opinion Filed Dec. 12, 1916.

(161 Pac. 795.)

**1. New Trial—Grounds—Misconduct Affecting Jury.**

The verdict of a jury in favor of a party will be set aside where, after the impaneling of the jury, and before verdict, he treats or entertains the jury or any member thereof.

**2. Same—Power of Court—Second Motion.**

The trial court has power during the term at which a judgment was rendered to grant a new trial for misconduct of the prevailing party in treating the jury, even though he may have previously overruled a motion for a new trial upon other grounds.

**3. New Trial—Proceedings to Procure—Renewal of Motion.**

The right of a party to a new trial, except for newly discovered evidence, impossibility of making a case-made for grounds sufficient to vacate judgment under the statute or upon a petition for new trial under section 5037 of the Code (Rev. Laws 1910), is exhausted if, unless unavoidably prevented, he fails to file a motion for new trial at the term and within three days after verdict, report, or decision in the cause is rendered, or when, such motion having been filed, it is overruled, but the trial court has inherent power, to be exercised not as a right of the party, but within his sound judicial discretion, to set aside an order overruling a motion for new trial, and to grant such new trial, at any time within the term at which such verdict, report, or decision is rendered, and such power may be exercised upon the court's own motion, or when the grounds for new trial are called to the court's attention by a second motion for new trial, filed after the three-day period has expired.

(Syllabus by Burford, C.)

Error from District Court, Murray County; F. B. Swank, Judge.

Action by T. R. Frank against B. J. Jones and another. Judgment for defendants. From an order granting a second motion for new trial, defendants appeal. Affirmed.

Broadbent & Rawlings and J. H. Casteel, for plaintiff in error.

Allen & Haste, for defendants in error.

Opinion by BURFORD, C. T. R. Frank sued B. F. Jones and C. W. Lumpkin for

damages for an alleged conspiracy to fraud. The cause was tried to a jury, and verdict returned for defendants. Motion for new trial was filed and overruled. Thereafter, during the term, defendants filed a second motion for new trial, alleging that one of the defendants had treated the jury to dinner during the progress of the trial. The facts in relation thereto were alleged to have been discovered after the original motion was passed upon. The trial court heard evidence upon the motion and set aside his former order denying the new trial and granted such new trial. The propriety of that action is now before us for review.

There can be no question, under the decision of this court in Garvin v. Harrell, 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B, 744, that for the prevailing party to treat the jury or any member thereof, during the progress of the trial, is misconduct which will justify a new trial. The motive is immaterial, and ordinarily, if the fact be known to the jurors, it need not be proven that the action influenced the verdict. If, for instance, it could be shown that the only juror treated voted against the verdict returned by his associates, a different case might be presented; but, though that was the case as to one juror here, it was not the case as to all. The point is raised that the jurors were not competent witnesses to prove these facts. We do not find it necessary to pass upon this question, as the evidence of the restaurant keeper was sufficient to establish both the fact of the treat and the knowledge of at least some of the jury other than the one dissenting. In any event we would not reverse the cause for erroneous admission of evidence unless it appear probable that an injustice had been done, and the justice of the result reached by the trial court cannot be a matter of doubt. As was said by the Supreme Court of Maine in Cottle v. Cottle, 6 Greenl. (6 Me.) 140, 19 Am. Dec. 200, quoted and approved by this court in Garvin v. Harrell, supra.

"It may be useful to the party to learn that a good cause may be injured, but cannot be promoted, by conduct of this sort, and to the public generally to know that it will be tolerated in no case whatever."

The more serious question arises upon the right of the trial court to act at all after the first motion for new trial had been filed and overruled, and after the time for filing a motion for new trial had expired. Eliminating entirely questions of newly discovered evidence, impossibility of making a case-made, causes for vacating judgments, and petitions for new trials after the term, under section 5037 of the Code, and referring our language only to the general causes for new trial set out in the statute, it must be taken to clearly appear from section 5035, Rev. Laws 1910, that the right of a party to file a motion for new trial, unless unavoidably prevented is limited to a period of three days after the verdict, report, or decision involved is rendered, which period must also be within the term. The rights conferred by statute cannot be broadened by amendments made after the time for filing has expired, which set up new grounds, nor could the same effect be produced by a second motion for new trial filed out of time. Rice v. Folsom, 32 Okla. 496, 122 Pac. 236; Rogers v. Quabner, 41 Okla. 107, 137 Pac. 361; Wiggins v. Jackson, 52 Okla. 723, 153 Pac. 879; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356. Consequently this court has frequently dismissed appeals where no motion for new trial was filed in time, and correctly so; for in those cases error was alleged in the action of the trial court in denying a motion which the party had no right to file. Here we have a case where the court granted a new trial and not the right of the party, but the power of the court, is in question. Such right of a party and the power of the court are entirely different things.

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court." Philip Carey Co. v. Vickers, 38 Okla. 643, 134 Pac. 851; Parks v. Haynes, 52 Okla. 63, 152 Pac. 400; St. L., I. M. & So. R. Co. v. Lowery, 61 Okla. 126, 160 Pac. 716.

This power extends to vacating an order granting a new trial, especially upon showing of fraud. St. L., I. M. & So. R. Co. v. Lowery, supra. The power of the trial court to grant a new trial may be exercised upon its own motion. Todd v. Orr, 44 Okla. 459, 145 Pac. 393; Hamra v. Fitzpatrick, 55 Okla. 780, 154 Pac. 665; St. L., I. M. & So. R. Co. v. Lowery, supra. It would clearly be beyond the range of any logical conclusion to hold that the trial court had power to grant a new trial in this cause upon his own motion, and yet had no power to do so when the grounds therefor were suggested by the parties. Nor does this conclusion in any way abridge the limitation of section 5035 of the Code, referred to supra; for the statute is to be taken as limiting the right of the party. Any motion for new trial filed beyond the limitations of the statute must be addressed to the inherent power of the court to be exercised in his sound judicial discretion. Its office is merely to call to the at-

tention of the court the reasons justifying him in using the power which he alone has. It does not present any matter which the party may demand as a right.

These limitations are noted by the Supreme Court of Missouri in State ex rel. v. Adams, 84 Mo. 310-314, cited and approved in Todd v. Orr, supra:

"The sum of the whole matter, under our laws, then, seems to be this: A party sleeps on his rights until the time allowed him by law to make his motion for new trial expires; he can no longer claim to make his motion as a matter of right, but he may afterward suggest to the court that substantial justice has not been done him, and the court may look into the matter or not. This, I think, is a recognition of the right of the court, of its own motion, to set aside the verdict; for if, after the time prescribed within which a party may file his motion has elapsed, the court may, on the suggestion of the party, set aside the verdict, why not of his own motion? And is not in effect of his own motion if in such case he sets it aside?"

In Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868, referring to the effect of the statute governing motions for new trial, the Supreme Court of Minnesota said:

"The power to grant a new trial is not given to the district court by statute. The power of such court to grant a new trial is not, like the right to appeal under our law, conferred by statute; it is inherent in courts of general jurisdiction, not given, but regulated by statute.' McNamara v. Minn. C. R. Co., 12 Minn. 388 (Gil. 269). The provisions of such a statute regulating motions for new trial do not prevent the court, in a proper case, from granting a new trial on its own motion."

From the considerations above referred to it must follow that the trial court had the power to grant a new trial in this cause, even when his attention was called to the reasons for so acting, solely by a second motion for new trial filed out of time. That he did not abuse his discretion in so acting we have already indicated.

The cause should be affirmed.

By the Court: It is so ordered.