**EVEREST-PORTER MORTGAGE CO. et al. v. GAFFORD et al.**

No. 16781.    Opinion Filed Jan. 31, 1928.

(Syllabus.)

**1. New Trial—Order Overruling Motion for New Trial—Lack of Jurisdiction to Reconsider After Term.**

In the absence of a showing of irregularity, fraud, unavoidable casualty or misfortune, the district court has no power to set aside its order overruling a motion for a new trial, upon a reconsideration of the same motion already passed upon, after the expiration of the term at which such order was made.

**2. Same.**

A motion to reconsider an order overruling a motion for a new trial does not operate to extend the time in which the trial court may exercise its inherent equitable power to reconsider such order, beyond the term at which such order was made.

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County: Asa E. Walden, Judge.

Action by W. R. Gafford et al. against Everest-Porter Mortgage Company et al., for cancellation of a mortgage. Judgment for defendants. From an order vacating an order overruling plaintiffs' motion for a new trial, defendants appeal. Reversed and remanded.

Allen & Roddie, for plaintiffs in error.

Wilkins & Wilkins, for defendants in error.

HERR, C. This is an action originally filed in the district court of Love county by W. R. Gafford and Ethel Lee Gafford against Everest-Porter Mortgage Company and W. A. Wolverton to cancel a mortgage. At the June, 1924, term of the court, and on July 3rd, judgment was rendered in favor of the defendants. Within three days thereafter, plaintiffs filed a motion for a new trial. This motion was, by the court, denied on the 24th day of January, 1925, same being a continuation of the November term. On January 27, 1925, plaintiffs filed a motion to reconsider said motion and vacate the order denying a new trial and grant the same, assigning as a reason therefor the ground that the court erred in denying said motion.

Thereafter, and on the 18th day of April, 1925, and at the March term, the court entered its order vacating the order overruling the motion, granted a new trial, and set aside its judgment of July 3, 1924. To reverse this order, defendants appeal to this court.

It is contended by defendants that the court was without jurisdiction to vacate this order after the term at which it was rendered, in the absence of a statutory showing for vacating and modifying judgments.

To sustain the judgment, plaintiffs invoke the rule of inherent power of the court over its orders and judgments, and contend that having filed their motion at the same term the order was made denying their motion, the court had jurisdiction to vacate the same at the succeeding term even though no statutory ground existed therefor.

In the early case of Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99, the following rule was announced:

"In the absence of a showing of irregularity, fraud, unavoidable casualty or misfortune, the district court has no power to set aside its order overruling a motion for a new trial, upon a reconsideration of the same motion already passed upon, and a reversal of such order can be had only by proceedings in error in the Supreme Court."

This case was cited with approval in several subsequent cases, and in the case of Owen v. District Court of Oklahoma County, 43 Okla. 442, 143 Pac. 17, it was quoted from at length, and the following rule was therein announced:

"The office of a motion for a new trial and of a petition for a new trial is the same; and a motion for a new trial to review the order of the court denying such motion or petition is unauthorized by statute and unnecessary, and does not have the effect of extending the time within which the trial court can reconsider its order denying a petition for a new trial beyond the term at which the same was made."

In the case of Barnes v. Bruce, 63 Okla. 270, 165 Pac. 405, the Lookabaugh Case was expressly overruled, and the following rule announced:

"A trial court, after hearing a case and rendering judgment in favor of one of the parties, and after the motion for a new trial has been filed, heard, and overruled, and extension of time granted to make and serve a case-made, at the same term at which all such proceedings and orders were rendered, may in its discretion entertain a motion to set aside its former order denying a new trial and grant a new trial of said cause."

It will be noticed that, while the Lookabaugh Case was overruled, the rule announced in the case of Owen v. District Court of Oklahoma County, supra, herein quoted, was not disturbed. It will also be noticed that the court, in that case, has carefully limited the power of the trial court to act in cases of this character where all of the proceedings occurred at the same term of the court.

The proceedings in the case at bar, having extended over three different terms of the court, the case above cited cannot be considered as authority sustaining the contention of plaintiffs.

Subsequent to the decision in the Barnes v. Bruce Case, supra, the rule announced in the case of Owen v. Dist. Ct. of Oklahoma County was followed in the case of Wade v. Hope & Killingsworth, 77 Okla. 62, 186 Pac. 235, wherein it is said:

"A motion to vacate an order overruling motion for new trial can serve no purpose but to take the place of an application or petition for new trial, and does not have the effect of extending the time within which the trial court may reconsider its order denying motion for new trial beyond the term at which the same was made, or to extend the time in which a petition for new trial, after the term, may be filed."

We are not unmindful of the repeated holdings of this court that, where a motion is filed to vacate a judgment at the same term at which it is rendered, invoking the inherent power of the court over its judgments, the court will not lose its jurisdiction or discretionary power to act where hearing on such motion is continued to a succeeding term of the court. There seems, however, to be a distinction made by this court between cases generally and this class

of motions, on the theory that such motions are mere repetitions of the former motion.

In 34 C. J. 247, it is said:

"The power to vacate a judgment because the court has changed its mind, and desires to change its ruling on the merits, expires with the term."

In the case of Owen v. Dist. Ct. of Okla. Co., supra, a writ of prohibition was granted prohibiting the court from vacating an order denying a new trial under circumstances very similar to the circumstances in this case.

Following the rule therein announced, we hold that the trial court was without power to vacate its former order, after the expiration of the term at which it was rendered, under the motion filed.

Judgment should be reversed and the cause remanded, with instructions to overrule the motion to vacate the order denying a new trial and to reinstate the original judgment.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 29 Cyc. p. 1030; 20 R. C. L. pp. 312, 313; 3 R. C. L. Supp. p. 1055; 4 R. C. L. Supp. p. 1353.