## KANSAS LIFE INSURANCE CO. v. PEEBLES.

No. 25368.    June 4, 1935.

Joseph O. Looney and K. W. Halterman, for plaintiff in error.

J. A. Andrews, for defendant in error.

PHELPS, J. George D. Peebles, defendant in error here, filed his suit in the su-

508

perior court of Seminole county against the Kansas Life Insurance Company, plaintiff in error here. Issues having been joined, the cause was tried to the court and judgment rendered in favor of defendant on April 3, 1933.

On April 5, 1933, plaintiff filed his motion for new trial, which, was overruled on April 22, 1933. Notice of appeal to the Supreme Court was given and the time extended for making and serving case-made. At a later date, time was further extended. The terms of the superior court of Seminole county begin on the first Monday of January, April, July, and October. On September 1, 1933, and after the expiration of the term of court at which said motion for new trial was overruled, plaintiff filed his motion as follows:

"Comes now the above-named plaintiff here and moves the court to recall and set aside an order previously made herein, in which the court overruled plaintiff's motion for a new trial.

"Wherefore, premises considered, plaintiff prays the judgment of the court that this motion be sustained."

Defendant, on the same day, filed its objection to the jurisdiction of the court, and on the same day, to wit, September 1, 1933, the court sustained said motion and set aside its order overruling defendant's motion for new trial, from which order this appeal is prosecuted.

The sole question presented by this appeal is whether the trial court had jurisdiction, after the expiration of the term at which the order overruling defendant's motion for new trial was made, to vacate and set aside said order.

This question was before this court in Everest-Porter Mortgage Co. v. Gafford, 129 Okla. 96, 263 P. 656. In that case the authorities were collected, cited, and quoted from, and we held that the court lost jurisdiction to make such order with the expiration of the term of court at which the order was made.

Since this appears to be the well-settled law of this state, no good purpose can be served by again discussing the rule at length, but we shall content ourselves with referring to that opinion, together with the authorities therein cited, as the basis of our conclusion here. In the brief of defendant in error in the instant case no authorities are cited and no contention is made that the rule announced in Everest-Porter Mortgage Co. v. Gafford, supra, is not applicable here.

The judgment is reversed and the cause remanded, with instructions to reinstate the judgment of the trial court.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.