## McDONALD v. RENZ.

No. 28268. Feb. 14, 1939.

Rehearing Denied March 21, 1939.

V. E. Stinchcomb, for plaintiff in error.

Hugh M. Bland, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county which dismissed, for want of jurisdiction, a petition for new trial which had been theretofore denied by an order of said court. The plaintiff in error was defendant and the defendant in error was plaintiff in the trial court, and we will hereafter refer to the parties as they appeared in the court below.

The essential facts as shown by the record will be briefly stated. On November 23, 1932, upon a trial had to a jury the plaintiff recovered a judgment against the defendant. Motion of defendant for a new trial was heard and overruled on January 5, 1933. Defendant gave notice of intention to appeal and obtained an enlargement of the time within which to prepare and serve a case-made on appeal. The court reporter who had taken the testimony at the trial became ill and died without transcribing his notes and the defendant was unable to complete the appeal. Defendant thereupon, on June 1, 1933, filed in said cause a petition for a new trial pursuant to the provisions of section 402, O. S. 1931. This petition was heard and denied on November 4, 1936. On November 5, 1936, the defendant filed in said cause what he denominated a motion for new trial wherein he sought a vacation of the order which had denied his petition for a new trial. This motion was not acted upon during the term within which it was filed and the order denying the petition for new trial has been made, but was heard and granted on the 6th day of February, 1937, a day of the succeeding term of said court. The cause was thereafter placed upon the calendar and came on for hearing in another division of the court and resulted in a judgment dismissing the petition for want of jurisdiction. The defendant prosecutes this appeal from that judgment. The errors assigned are presented and discussed under two general propositions. In substance, the contentions advanced are that the district court, in the exercise of its inherent jurisdiction to vacate its orders and judgments during the term, had power at a succeeding term to sustain the motion of the defendant to set aside the order which denied his petition for a new trial; and that when an order has been made vacating a prior order, thereafter the court cannot inquire into its jurisdiction to proceed in the matter. In support of the first contention advanced, the defendant cites the cases of Vance v. Commercial Credit Co., 176 Okla. 343, 55 P.2d 1015, and Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851. Thereunder the defendant seeks to draw a distinction be-

tween an order which denies a petition for a new trial and an order which denies a motion for new trial and thus have his motion of November 5, 1936, treated as a motion to vacate a judgment, and therefore one which would be cognizable at a succeeding term of the court. This court, however, has held that no such distinction exists. As said in the case of Owen v. District Court of Oklahoma County, 43 Okla. 442, 143 P. 17:

"The office of a motion for new trial and of a petition for new trial is the same."

And while during the term at which an order is made a trial court may reconsider, modify, or change such order, including one which grants or denies a petition or a motion for new trial (Jones v. Franks, 62 Okla. 26, 161 P. 795; Barnes v. Bruce, 63 Okla. 270, 165 P. 405), nevertheless its jurisdiction in this respect expires with the term at which the order was made. The rule in such case, as most recently announced, being contained in the syllabus to the case of Kansas Life Ins. Co. v. Peebles, 172 Okla. 507, 44 P.2d 100, wherein this court said:

"In the absence of a showing of irregularity, fraud, unavoidable casualty, or misfortune, the district or superior court has no power to set aside its order overruling a motion for a new trial, upon a reconsideration of the same motion already passed upon, after the expiration of the term at which said order was made."

See, also, in this connection the case of Everest-Porter Mortgage Co. v. Gafford, 129 Okla. 96, 263 P. 656, wherein the prior decisions of this court are collected, cited, and discussed and the reason for the rule explained. It follows from what has been said that the contention of the defendant as first advanced is not well taken and is contrary to the rule announced in the above-cited cases.

The second contention of the defendant, to the effect that the court had no power to inquire into its jurisdiction after the entry of the order of February 6, 1937, and to dismiss the proceedings for want of jurisdiction to entertain it further, does not find support in the cases of Nevitt v. Wilson (Tex.) 285 S. W. 1079, 48 A. L. R. 355, and Jones v. Franks, supra, and is contrary to the well-recognized rule that a court at all times has the power and duty to inquire into its jurisdiction. As said in the case of Washburn v. Delaney, 30 Okla. 789, 120 P. 620:

"All courts have the inherent power to inquire into their own jurisdiction, and, in the absence of a showing that the exercise of such discretion thus vested has been abused, the same will not be disturbed on review in this court."

So here, when the court ascertained that the petition for a new trial which was being presented had theretofore been presented and denied on the 4th day of November, 1936, and that such order had not been set aside or vacated during the term of the court at which the same had been entered, it very properly looked to ascertain whether it had jurisdiction to entertain any further proceeding in the matter, and when it found that it did not, then to dismiss the action. The record presents no reversible error, therefore the judgment of the trial court is affirmed.

Affirmed.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DAVISON, JJ., concur.