ATCHISON, T. & S. F. RY. CO. v. LOVE *et al.*

No. 1849.    Opinion Filed November 14, 1911.

(119 Pac. 207.)

**PROHIBITION—When Granted—Exercise of Judicial Powers.** Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient.

(Syllabus by the Court).

Williams, J., dissenting.

Application by the Atchison, Topeka & Santa Fe Railway Company for writ of prohibition to J. E. Love and others, members of the Corporation Commission, and the Corporation Commission.   Writ granted..

*Cottingham & Bledsoe,* for plaintiff.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for defendants.

KANE, J.   This is an original proceeding in prohibition, praying this court to prohibit the Corporation Commission of the state and the members thereof from proceeding with the trial of the plaintiff upon 12 separate and distinct citations for contempts growing out of violations of rule No. 10 of order No. 167 of the Corporation Commission, by charging storage on interstate shipments of freight, in accordance with the published interstate tariffs of the plaintiff.   Rule No. 10, *supra,* provides that certain free time be given the consignees who live five or more miles from a railroad station, and in the published interstate tariffs of said plaintiff such free time was not allowed, and the plaintiff, in collecting storage charges, observed the terms and provisions of the interstate tariffs, which admittedly are in conflict with said rule No. 10.   The Attorney General's view of the case is stated in his brief as follows:

"As stated in the return:   'This case is submitted to the court for the sole purpose of determining whether or not a rule regulating demurrage charges is an interference with interstate commerce, and, if so, is it a burden on interstate commerce or an aid to interstate commerce, and whether or not Congress, through the Interstate Commerce Commission, has taken jurisdiction of the subject-matter herein for the purpose of regulation.'   The relief prayed herein is to prohibit the State Corporation Commission from proceeding further with the trial of plaintiff for alleged violations of rule No. 10 of order No. 167 of the Commission, relating to free time to consignees living five miles or more from the railroad station, for storage charges on freight, received by interstate transportation.   It is alleged in the petition, and admitted in the return, that all of the storage charges involved in the present hearing are upon interstate shipments, and

that the charges are in accordance with the schedule and tariffs filed by plaintiff with the Interstate Commerce Commission in effect at said time.

"The congressional enactment, entitled 'An act to regulate commerce,' approved February 4, 1887, as amended by Act June 29, 1906, relates only to interstate commerce. Section 1 of same provides, among other things, that 'the term "transportation" shall include * * * all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported.' U. S. Comp. St. Supp. 1909, p. 1149. Section 6 of the same act requires every common carrier doing an interstate business to 'file with the Interstate Commerce Commission and print and keep open to public inspection schedules showing all the rates, fares, and charges for transportation between different points on its own route and between points on its own route and points on the route of any other carrier by railroad, etc. * * * The schedule printed as aforesaid * * * shall state separately all terminal charges, storage charges, icing charges, etc. * * * No carrier shall charge or demand or collect or receive a greater or less or different compensation for such transportation of passengers or property or for any service in connection therewith * * * than the rates, fares, and charges which are specified in the tariff filed and in effect at the time.' Section 10 of 'the same act prescribes severe penalties for a violation of any of the foregoing provisions. It must be conceded, from the provisions cited, that storage charges on interstate shipments of freight are incidental to and a part of the transportation of interstate commerce, and that Congress, through the Interstate Commerce Commission, has taken jurisdiction of the regulation of storage charges on interstate shipments of freight, such as are involved here, thus depriving the state of such jurisdiction. The other branch of the inquiry, as to whether such storage charges are a burden upon, or an aid to, interstate commerce, seems to have been answered by this court by the first paragraph of the syllabus in the case of *St. Louis & San Francisco R. R. Co. v. State et al.,* 26 Okla. 62 [107 Pac. 929, 30 L. R. A. (N. S.) 137], in which it is held that the same 'interferes with and imposes upon interstate commerce an unreasonable burden.' The Attorney General concedes that the storage charges involved herein are regulated as provided in the act of Congress referred to, and over which the State Corporation Commission has no jurisdiction or control, and that rule 10 of order No. 167 of the Com-

mission is ineffectual upon which to predicate penalties in regulation of interstate commerce."

Adopting the view of the Attorney General, which we think is correct, it follows that the writ ought to issue. It clearly appears that the Corporation Commission is without jurisdiction in the premises, and no reason has been called to our attention, nor do we know of any, why it should be permitted to continue to issue citations for contempt in that class of cases in the face of the adverse opinion of the Attorney General, its constitutional legal adviser, and the judicial determination of the court having appellate jurisdiction over the commission. No adequate remedy exists by appeal or otherwise for the protection of the plaintiff against repeated and continued citations issued against it for violations of a rule which has been adjudged by this court to be in conflict with the federal Constitution in so far as it relates to interstate shipments. The relief sought here is not against an individual, isolated proceeding, but against continuous proceedings, 12 of which were in progress at one and the same time. Aside from the great hardship these unwarranted proceedings entail upon the plaintiff, they are also an injustice to the people who patronize this transportation company, for upon them finally will fall the great expense growing out of that class of litigation. Common carriers of necessity depend upon the patronizing public for their dividends, and every dollar expended in needless litigation is just that much of an additional burden upon the people.

The question of the adequacy of an appeal is not urged by the Attorney General; but apropos to that question, and the phase of the case just under discussion, we quote from the opinion of Mr. Justice Boreman, in the case of *People ex rel. Pierce v. Carrington, Com'r*, 5 Utah, 531, 17 Pac. 735:

"It is said that the applicant has a complete remedy by way of appeal. An appeal could only be resorted to after judgment. It would not prevent the unjust proceeding prior thereto, the expense, vexation, and annoyance of trial, and an appeal would subject the applicant to the necessity of taking all the preliminary steps therefor, giving undertaking, etc., or of going to jail if unable to give the appeal bond; and he would be required to

follow the case into the district court, and take steps there for defense against the proceeding. When he should reach the district court, he would find that he could not have the issues heard and determined there upon which he was tried and condemned by the commissioner. The only question there to be settled would be that the commissioner was acting without authority, and that the proceedings should be dismissed. Such would not be an adequate remedy for the vexations, expense, and probably damaging trial through which he had, against his will, been forced. It is said that the applicant has ample remedy by way of certiorari; but certiorari, like appeal, has no effect until after action has been had by the commissioner. A certiorari can only be issued when the inferior court 'has exceeded' its jurisdiction. It looks to the past, and not to the future. It then would not prevent the illegal proceedings that should follow. The writ of prohibition is preventative, and not remedial, in its nature, and therefore is the appropriate writ to arrest the unauthorized proceeding, prior to judgment, as well as after it, always, however, looking to the future, and not to the past."

In *Ellis et al. v. Elkin et al.,* 130 Mo. 90, 30 S. W. 333, it is held:

"A writ of prohibition will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally effective and convenient."

Writs of prohibition were recently issued by this court against the Corporation Commission in *St. L. & S. F. R. Co. v. Love et al. ante,* p. 523, 118 Pac. 259, and *A., T. & S. F. Ry. Co. v. Corporation Commission et al., ante,* p. 534, 118 Pac. 263, and against tribunals of purely judicial character in *Haskell v. Huston,* 21 Okla. 782, 97 Pac. 982, and *Evans v. Willis, Co. Judge,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050. In the former case it was held:

"Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

No legitimate purpose can be conserved by sending this plaintiff back to the Corporation Commission to defend against a dozen different proceedings, all of which are confessedly not within its

jurisdiction. The interest of the state, as well as the interest of the plaintiff, requires a settlement of the question here involved, and the writ prayed for is accordingly granted.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., dissents.