ATCHISON T. & S. F. RY. CO. v. STATE.

No. 2345. Opinion Filed May 14. 1912.

(123 Pac. 1065.)

COMMERCE—Interstate Commerce—Interference—Orders of Corporation Commission. That part of Order No. 167, Rule 10 of the State Corporation Commission, which provides that ten days' free storage shall be allowed on less than car load shipments, when destined to consignees who live at interior points five miles or more from the railroad station, in so far as it applies to interstate commerce, is void, for the reason that it is in conflict with and is superseded by sections 1 and 2 of an act entitled "An act to amend an act entitled 'An act to regulate commerce'" (Act June 29, 1906, c. 3591, 34 St. 584 [U. S. Comp. St. Supp. 1909, p. 1194]), and for the further reason that it interferes with and imposes upon interstate commerce an unreasonable burden.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Appeal by the Atchison, Topeka & Santa Fe Railway Company from an order of the Corporation Commission fining the appellant. Reversed and remanded, with instructions.

*Cottingham & Bledsoe,* for appellant.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

WILLIAMS, J. This is an appeal from an order of the Corporation Commission fining the appellant in the sum of $1,000, as follows: $500 for collecting alleged excessive demurrage charges on the 10th day of November, 1909, on a shipment of freight from Wellington, Kan., to Fritz Mercantile Company, Shattuck, Okla., and $500 for violation of order No. 167 in collecting excessive freight charges on the 17th day of September, 1909, on a shipment of goods from Arkansas City, Kan., consigned to Fritz Mercantile Company, Shattuck, Okla.

The charging part of the complaint is as follows:

"That said company has violated ·Commission's order No. 167 in that it has charged storage on freight in their warehouse consigned to the complainant within the time allowed in order No. 167, rule 10, article D, for the removal of same by the consignee as shown by the inclosed waybills, and several other waybills now in my possession."

To this complaint were attached two carbon copies of waybills showing shipments from Arkansas City, Kan., and Wellington, Kan., respectively, to Shattuck, Okla.

The appellee filed an answer in which it denied, first, every material allegation in the complaint and citation; second, it averred that the freight on which storage was charged as alleged, and for which it was proposed to fine it, was an interstate shipment over which the Commission was without jurisdiction; third, that the regulation contained in subdivision "D," rule 10, of order No. 167, was unreasonable and unjust, and illegal and void; fourth, the defendant demanded a jury trial and denied the right of the Commission to try it for contempt for viola-

tion of its orders without the intervention of a jury. The only question raised essential for determination is that as to the question of the jurisdiction of the Commission.

In *St. L. & S. F. R. Co. v. State et al.,* 26 Okla. 62, 107 Pac. 929, 30 L. R. A. (N. S.) 137, paragraph 1 of the syllabus is as follows:

"Orders of Corporation Commission. That part of order No. 167, rule 10, of the State Corporation Commission, which provides that ten days' free storage shall be allowed on less than car load shipments when destined to consignees who live at interior points five miles or more from the railroad station, in so far as it applies to interstate commerce is void for the reason that it is in conflict with and is superseded by sections 1 and 2 of an act entitled, 'An act to amend an act entitled "An act to regulate commerce" ' (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]), and for the further reason that it interferes with and imposes upon interstate commerce an unreasonable burden."

In *A., T. & S. F. Ry. Co. v. Love et al.,* 29 Okla. 738, 119 Pac. 207, the case of *St. L. & S. F. R. Co. v. State et al., supra,* is followed. In cases of this character, the Interstate Commerce Commission has jurisdiction, and not the State Corporation Commission.

It follows that the order of the Corporation Commission must be reversed and remanded, with instructions to dismiss the complaint.

All the Justices concur.