## ST. LOUIS & S. F. R. CO. v. CORPORATION COMMISSION OF OKLAHOMA *et al.*

No. 3703.     Opinion Filed December 3, 1912.

(128 Pac. 496.)

**PROHIBITION—Railroads—Highway Crossings—Installation—Power of Corporation Commission.** Where no highway or crossing has been lawfully established or opened over the right of way of a railway company, the Corporation Commission has no jurisdiction to determine the character of crossing to be provided at such a point and require its installation; and where in such a case it makes an order requiring a public crossing to be installed, a writ of prohibition may issue to prevent its enforcement.

(Syllabus by the Court.)

Application by the St. Louis & San Francisco Railroad Company for a writ of prohibition against the Corporation Commis-

sion of the state and J. E. Love and others as members thereof. Writ granted, but temporarily withheld.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for defendants.

HAYES, J.   This is an original proceeding instituted in this court by plaintiff against the Corporation Commission, seeking a writ of prohibition to prevent the enforcement of certain portions of order numbered 482 of the Corporation Commission.   On the 2d day of June, 1911, the Corporation Commission made an order whereby plaintiff is required to put in appliances for a grade crossing at Fourth avenue in the town of ·Stroud.   The order also requires the plaintiff to remove certain of its stock pens situated where said avenue crosses plaintiff's railway tracks, and to make certain repairs in its depot platform, by building approaches thereto in safe condition and keeping the platform properly lighted and the premises free from stagnant water.   From those portions of the order requiring plaintiff to establish a grade crossing and to remove its stock pens at Fourth avenue, plaintiff attempted to prosecute an appeal to this court; but upon motion of ·the Attorney General the same was dismissed.   *St. L. & S. F. R. Co. v. Miller et al.,* 31 Okla. 801, 123 Pac. 1047.   The ground upon which the motion was sustained as to the crossing ordered by the commission was that it ordered the establishment of a grade crossing in a public street, from which class of orders, under the rule established by several decisions of this court, no appeal lies. In this action it is alleged by plaintiff that, at the point where said crossing is ordered to be established by the order of the commission involved, no public street or way has ever been opened, and that none exists; that the fee-simple title to the land at said point is owned by plaintiff.   Said allegations are not denied, but stand admitted.

It follows, under the rule announced by this court in *St. L. & S. F. R. Co. v. Love et al.,* 29 Okla. 523, 118 Pac. 259, approved and followed in *A., T. & S. F. Ry. Co. v. Love et al.,* 29 Okla. 739, 119 Pac. 207, that the Corporation Commission

was without jurisdiction to determine the character of crossing to be provided and to require the installation thereof at the point where no highway or crossing has been lawfully established and opened over the right of way of the railway company, and that the writ of prohibition will issue to prohibit the enforcement of such order. The Attorney General recognizes the force of the foregoing decision, but seeks to avoid the effect thereof in this proceeding by contending that the order numbered 482 of the commission does not seek to require a grade crossing in a public street or way not opened up, and does not order said crossing for the convenience of the general public, but requires the same as a more convenient access for the patronizing public to plaintiff's depot; and that there is a necessity for such a crossing now, for the purpose of accommodating the traveling public passing over plaintiff's railway track and transacting business with plaintiff on the opposite sides of its line of railway.

The present attitude of the Attorney General's department is directly opposite to that assumed in *St. Louis & S. F. R. Co. v. Miller et al., supra,* where the motion to dismiss was urged upon the theory that the order did not require a public convenience or facility to the patrons of the railway company and those portions of the public traveling on its line of railway. If the effect of the order were as now contended for by the Attorney General, it would be an appealable order and should have been reviewed by this court on appeal. After re-reading the record in *St. L. & S. F. R. Co. v. Miller et al., supra,* and all the briefs in that case, as well as in this, we find no reason to recede from the construction of the order given by the Attorney General in his brief filed in the former case and adopted by the court. It is true that there is some language in the findings of fact of the Corporation Commission, made at the time the order was issued, that indicates that the commission may have had in view some convenience that would result from the order to that portion of the public who transact business at the depot of plaintiff; but the complaint filed with the commission, considered in connection with the evidence introduced at the hearing, makes it clear that what was sought and the primary purpose of the order was to require a

public crossing at the point named in the order as a crossing in the public street for the benefit of the traveling public generally, and that such is the requirement of the order made, which, under the authority of *St. Louis & S. F. R. Co. v. Love et al., supra*, the commission was without power to make, and may be restrained from enforcing by writ of prohibition.

But the writ will not issue, unless after notice of this decision to the Corporation Commission it shall be made to appear upon application and showing that there is a necessity therefor.

All the Justices concur.