## OKLAHOMA CITY et al. v. CORPORATION COMMISSION et al.

No. 11998—Opinion Filed Feb. 1, 1921.

(Syllabus by the Court.)

**1. Prohibition—Inferior Tribunals Exceeding Powers.**

Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient.

**2. Corporation Commission — Jurisdiction Over Public Utilities.**

By chapter 93, Session Laws 1913, jurisdiction is conferred upon the Corporation Commission over all public utilities, with the power to fix and establish rates and prescribe rules, requirements, and regulations affecting their services and operation and the management and conduct of their business, and under the powers thus conferred the commission is vested with authority to make all valid and lawful orders prescribing rates which the state, in the exercise of its sovereign capacity, could prescribe or make.

**3. Same — "Rate" — Constitutional Definition.**

Section 34, art. 9, of the Constitution defines the word "rate" as follows: "The term 'rate' shall be construed to mean rate of charge for any service rendered or to be rendered."

**4. Gas—Increase in Rates—Purpose—Authority of Corporation Commission.**

The Corporation Commission has no authority to require consumers of gas in a city, who purchase gas from a local company that owns a franchise in the city, to pay an additional sum or rate for the use of any other public service corporation, simply because the other public service corporation furnishes gas to the local company under contract and receives in payment a certain per cent. of what the local company collects from the consumers.

**5. Judgment—Validity—Essentials.**

A judgment is void when it affirmatively appears from an inspection of the judgment roll that either of the three following elements is absent, to wit: (1) Jurisdiction over the person, (2) jurisdiction of the subject-matter, and (3) judicial power to render the particular judgment.

**6. Corporation Commission—Public Utilities—Basis of Rate Regulation.**

In determining what is a fair and reasonable rate, it is essential that the Corporation Commission determine the value of the property of the public utility used and useful in serving the people.

**7. Same—Jurisdiction of Commission.**

The Corporation Commission of this state has such jurisdiction and authority only as is expressly or by necessary implication conferred upon it by the Constitution and the statutes.

**8. Gas—Increase in Rates to Provide Special Fund—Order of Corporation Commission —Validity—Prohibition.**

The Corporation Commission has no authority to make an order requiring the consumers of gas to pay an additional sum over and above a fixed rate, for the purpose of creating a special fund, called a patrons' fund, which may be used in the future by the public service corporation with the consent and agreement of the Corporation Commission to build additional lines and compressor stations. The commission having no authority to make said order, the same is void, and prohibition will lie to enjoin the enforcement thereof.

Application by Oklahoma City, Muskogee, Guthrie, Enid, Shawnee, Wellston, Chandler, and El Reno, municipal corporations of the State, for writ of prohibition to the State Corporation Commission. Writ granted.

J. S. Estes and C. D. Bennett, for plaintiffs.

E. S. Ratliff, for the Corporation Commission.

Ames, Chambers, Lowe & Richardson, for the Oklahoma Natural Gas Company, appearing as amici curiae.

McNEILL, J. This is an original proceeding commenced in this court by Oklahoma City and other cities to prohibit the Corporation Commission from putting in force and effect order No. 1829, dated December 20, 1920. The applicants for the writ contend that the order is void, and unless the commission is enjoined from putting same into force the applicants and the inhabitants of the cities will suffer irreparable injury, and they have no other effective or adequate, convenient remedy at law.

A brief summary of the facts necessary to be considered in this proceeding may be stated as follows: On August 5, 1920, the Oklahoma Natural Gas Company filed with the Corporation Commission a petition, alleging it owned a system of pipe lines connecting with various cities and towns in Oklahoma. That in the city of Chandler and some 27 other cities it owned the gas franchises and the distributing systems and sold gas to the various inhabitants in those cities. That it furnished gas through its main pipe lines to the Mid-Field Gas Company, which company owned a distributing system and franchise at Oilton, Oklahoma, and to the Oklahoma Gas & Electric Company, which company owned franchises and distributing systems at Oklahoma City, El Reno, Enid, and Yukon, and to the Guthrie Light, Gas, Fuel & Improvement Company, which company owned the distributing system and franchise in the city of Guthrie, and to the Muskogee Gas & Electric Company, which company owned the franchise and distributing system in Muskogee, and other companies, which owned franchises and distributing systems in other towns and cities, and the Oklahoma Natural Gas Company by separate contract furnished gas to the local companies for sale to the consumers.

The relief prayed for by the Oklahoma Natural Gas Company was to have the Corporation Commission determine the value of its property used and usable in procuring and transporting gas from the field to the corporate limits of all the cities and towns, and in those cities where the distributing systems were owned by local companies and the petitioner furnished gas on a percentage contract, that the commission establish a fixed rate to be charged by the Oklahoma Natural Gas Company at the city limits of each of the cities, instead of the percentage contracts now in force, and determine the value of the property of the petitioner used in the cities and towns that is used as a distributing system and fix a rate to be charged the consumers in those cities.

The commission had numerous hearings, but before any order was made by the Corporation Commission, the Oklahoma Gas & Electric Company and the Oklahoma Natural Gas Company filed an agreed case in this court wherein the Oklahoma Gas & Electric Company asked for a writ of prohibition to enjoin the Corporation Commission and the Oklahoma Natural Gas Company, contending said contracts were private contracts, and not subject to the control of the Corporation Commission, and the public was not interested, for the reason it was not asking for an increase in rate. Said case is now pending in this court and undetermined.

After numerous hearings, on December 20, 1920, the Corporation Commission entered order No. 1829, which is assailed in this proceeding. The Oklahoma Gas & Electric Company at this hearing appeared and asked to intervene as plaintiff and make the pleading in the agreed case a part of the pleading in this case, but no order has ever been entered permitting them to intervene. It is contended by petitioners that the order is not an order fixing a rate, but simply an order compelling the consumers of gas in Oklahoma City and other cities to pay certain amounts to the gas company to create a special fund which may thereafter be used by the Oklahoma Natural Gas Company for extending pipe lines and building compressor stations, as might be agreed upon by the commission and the company, and that the Corporation Commission had no jurisdiction or authority to enter said order. The commission has filed its answer, admitting the order was made, contending the order is an order fixing a rate, and further suggesting that the order is now in force and effect and cannot be enjoined.

We will first direct our attention to whether prohibition is the proper remedy. This court, in passing upon the question of when a writ of prohibition would issue to the Corporation Commission, in the case of Atchison, T. & S. F. R. Co. v. Love, 29 Okla. 738, 119 Pac. 207, stated as follows:

"Prohibition is the proper remedy, where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

In the body of the opinion the court stated as follows:

"No legitimate purpose can be conserved by sending this plaintiff back to the Corporation Commission to defend against a dozen different proceedings, all of which are confessedly not within its jurisdiction. The interest of the state, as well as the interest of the plaintiff, requires a settlement of the question here involved, and the writ prayed for is accordingly granted."

See Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313; Owen v. District Court, 43 Okla. 442, 143 Pac. 17; Frisco v. Corporation Commission, 35 Okla. 166, 128 Pac. 496; St. Louis & S. F. R. Co. v. Love, 29 Okla. 523, 118 Pac. 259.

If the order of the Corporation Commission was entered without authority and void, and it so appears upon the face of the order, prohibition will lie to prevent its enforcement, and should under the facts in this case; but if said order is not void, but erroneous, prohibition is not the proper remedy.

The Corporation Commission is a creature of the Constitution, and its powers and duties are prescribed by section 18, art. 9, which section authorizes the Corporation Commission to supervise, regulate, and control transportation and transmission companies. This court, in the case of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 Pac. 1059, held that the Constitution gave the Corporation Commission no authority to supervise, regulate, and control public utilities such as gas companies, but that authority was conferred upon the commission by chapter 93, Session Laws 1913. The status of each of the petitioners in the instant case is not identical, as the rights of the people of Oklahoma City, Muskogee, and those cities where the Oklahoma Natural Gas Company has no franchise and is not the owner of the distributing system, present an additional question to that presented by the city of Chandler and other cities where the Oklahoma Natural Gas Company owns the franchise and distributing system and sells gas direct to the consumers. We will first consider the order as it relates to Oklahoma City and those cities where the Oklahoma Natural Gas Company does not own the franchise.

As stated heretofore, chapter 93, Session Laws 1913, conferred upon the Corporation Commission power and authority to fix and establish rates that should be charged by a gas company to the consumers. Section 34, art. 9 of the Constitution defines the term "rate" as follows:

"The term 'rate' shall be construed to mean rate of charge for any service rendered or to be rendered."

If this is an order fixing a rate for the sole use and benefit of the Oklahoma Natural Gas Company, it might be well to inquire what service does the Oklahoma Natural Gas Company render to the citizens of Oklahoma City, or what does it sell to them? The Oklahoma Natural Gas Company has no franchise in the city, nor authority to sell gas to the people of the city, nor does it sell gas to the people. The people of the city buy nothing from the Oklahoma Natural Gas Company, nor do they pay it anything. There is no business dealing or transaction between the people of Oklahoma City and the Oklahoma Natural Gas Company. The Oklahoma Gas & Electric Company by virtue of its franchise furnishes and sells gas to the citizens and the citizens of the city pay the Oklahoma Gas & Electric Company a specified rate for the service rendered and the gas furnished by the company. but no such relation exists between the Oklahoma Natural Gas Company and the people of Oklahoma City.

It may be contended that the local distributing companies are simply agents or representatives or instrumentalities of the Oklahoma Natural Gas Company, but this contention is contrary to the holding of the Supreme Court of the United States in the case of Public Utilities Commissions of Kansas and Missouri v. Landon, 249 U. S. 236. The facts in that case are almost identical with the facts in the case at bar, and may be stated as follows: The Kansas Natural Gas Company was in the hands of a receiver, and the receiver was attempting to enjoin the Public Utilities Commissions of Kansas and Missouri from enforcing a rate fixed by the Public Utilities Commission of each state, to be charged by the distributing companies to the people of the different cities, contending the rate was confiscatory. The court held, in substance, that the local company, operating under a special franchise, selling gas to the people, was subject to the orders of the commission and the rate fixed by it, but neither the Kansas Natural Gas Company nor its receiver could complain of the rate, as they did not own the franchise and were not furnishing gas to the people, although the receiver was furnishing gas to local companies and received therefor two-thirds of the gross amount collected by the company from the people. The court stated if the receiver had a cause to complain, it was regarding the contract with the local company, and not the rate the people were paying. The question was before the Supreme Court of the United States in another case, only the positions of the companies were reversed, the local company contending that the rate fixed by the commission was not confiscatory as

to it, but was as to the gas-producing and transporting company, which was furnishing gas to the local company under a percentage contract. The court there held as follows:

"A gas-distributing company cannot assert that constitutional rights of a gas-producing and transporting company furnishing gas to the former company upon the basis of a percentage of meter readings will be infringed by a municipal ordinance fixing the gas rates which the distributing company may charge." Newark Natural Gas & Fuel Co. v. City of Newark, 242 U. S. 405, 61 L. Ed. 393.

By applying the law announced in the above-entitled cases to the facts in the case at bar, the Corporation Commission had no jurisdiction to enter an order requiring the people of Oklahoma City to pay an additional sum for gas for the use of a public service corporation that sustains no direct relation to the people, nor renders any service to them, but whose only relation to the people is indirect by virtue of a contractual relation between it and the local company, which does serve the people. All these facts appearing upon the face of the judgment record, is the judgment void or erroneous?

This court, in the case of Title Guaranty & Surety Co. v. Foster (decided September 21, 1920, not yet reported), stated as follows:

"A successful collateral attack can be made against the validity of a judgment of a court of general or limited jurisdiction when it affirmatively appears from an inspection of the judgment roll that either of the three following elements is absent, to wit: (1) Jurisdiction over the person; (2) jurisdiction of the subject-matter; and (3) judicial power to render the particular judgment. If either of these three elements is shown by the judgment roll to be missing, the judgment is void on its face—that is to say, it is void on the face of the record, and, being void, it 'will be so held and treated whenever and wherever and for whatever purpose it is sought to be used or relied on as a valid judgment.'"

See, also, Miller v. Mills, 32 Okla. 388, 122 Pac. 671; Condit v. Condit, 66 Oklahoma, 168 Pac. 456; Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914; United States v. Walker, 109 U. S. 258, 27 L. Ed. 927; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071.

The order disclosing on its face that the Corporation Commission had no jurisdiction to enter such an order, the same is void.

If the order is void as to Oklahoma City and those cities where the company has no franchise, is it also void as to Chandler and those cities where the company has a franchise? The order attempts to apply to the consumers of gas alike, whether they purchase gas from the Oklahoma Natural Gas Company or whether they purchase from a local company that purchases from the Oklahoma Natural Gas Company.

A similar order, although in a different kind and character of case, was before this court in the case of Title Guaranty & Surety Co. v. Foster, supra, being an order of the county court releasing the surety on a guardian's bond, where the court had jurisdiction to release the surety, but in the same order attempted to deprive the guardian of the management of the estate and to substitute a bank and the court in lieu of the bond required. This court held the order void in toto.

It will be unnecessary to determine whether the order should be considered in its entirety, and if void as to one, void as to all, but the fact that it is void in part is material in the construction to be placed upon the order when considering whether it affirmatively appears from the inspection of the judgment roll that the order is not an order fixing a rate as defined by section 34, art. 9, of the Constitution, and as it relates to Chandler and those cities like situated.

This question must be determined from the order itself, as the evidence in this kind and character of proceeding is not before the court, nor is the court permitted to consider the evidence. If the commission intended this as an order fixing a rate, it must be presumed when proceeding to fix a rate it would proceed according to the well-known rule universally adopted in fixing rates, to wit: To find the value of the property, which is essential to find in order to fix a rate. This rule is stated as follows:

"The present market value of the plant or its worth as a going concern is the ultimate practical basis for determining the value of the investment upon which to fix a rate which will produce a fair return." Pond on Public Utilities, 550.

This court, in the case of Pioneer Tel. & Tel. Co v. Westenhaver, 29 Okla. 429. 118 Pac. 354, in the body of the opinion stated as follows:

"The rate is fair when its application will yield a fair return upon the reasonable value of the property at the time it is being used for the public. It is unfair when it does not yield such return. Knoxville v. Knoxville Water Co., 212 U. S. 1, 29 Sup. Ct. 148, 53 L. Ed. 371; San Diego Land & Town Co. v. Jasper. 189 U. S. 439, 23 Sup. Ct. 571, 47 L. Ed. 892; San Diego Land & Town Co. v. National City. 174 U. S. 739, 19 Sup. Ct. 804.

43 L. Ed. 1154; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819."

The first essential in fixing rates is to determine the value of the property, and then determine whether the rate is reasonable. The commissioners are permitted to take into consideration the depreciation, repairing, and numerous other items in determining what is fair and reasonable in fixing a rate, but it is always essential that the value of the property be determined. As to the value of the property, the finding of the commission is as follows:

"The commission is not at this time prepared to express an opinion as to the fair, reasonable value of the property now used and useful in serving the patrons of the Oklahoma Natural Gas Company."

If this is a rate, the commission failed to find the value of the property, which is absolutely essential and necessary before the commission can fix a rate. The order then reads in part as follows:

"The commission is agreed that the public interest can best be served by providing a fund which is available to meet necessary expenses that may be incurred in securing additional gas supplies. The commission knows of no way to provide such a fund except through the medium of an addition to the rates now in effect." * * *

"That the temporary rates heretofore made effective on April 15, 1920, be continued in effect until March 31, 1921, or until further orders of the commission. * * *

"All sums accruing from the collection of the additional rates herein provided, over and above the rates now in effect, to be paid over monthly as collected, to the Oklahoma Natural Gas Company and by said company to be set aside, reserved and maintained as a special fund provided by its patrons to be used by it, with the approval of this commission, for the laying of additional pipe lines, installing compressor stations, or such other improvements or betterments as may be agreed upon between the company and the commission as may reasonably be relied upon to provide additional supplies of natural gas for the patrons of this company."

A reading of the entire order conveys the idea that it is not an order fixing a rate, but is an order whereby a certain fund is to be collected from the consumers of gas, which is to be reserved and set aside as a special fund, known as a "patrons' fund," provided by patrons, and to be delivered to the Oklahoma Natural Gas Company and held by it, and may be used in the future by the Oklahoma Natural Gas Company in building new lines, or compressor stations, by agreement with the Corporation Commission.

Let us consider the order in view of the fact, first, that the commission did not determine the value of the property; second, it made no distinction between the consumers of gas who purchased gas from the Oklahoma Natural Gas Company and those who purchased from local companies; third, from a reading of the order itself, it conveys the idea it is not an order fixing a rate. When construed in the light of these facts and circumstances, we are unable to construe the order as an order fixing a rate within the meaning of section 34, Art. 9, of the Constitution.

If the order is not an order fixing a rate, what authority did the Corporation Commission have to enter the same? This court, in defining the powers of the Corporation Commission in the case of Atchison, T. & S. F. R. Co. v. Corporation Commission, 68 Oklahoma, 170 Pac, 1156, stated as follows:

"The Corporation Commission has such jurisdiction and authority only as is expressly or by necessary implication conferred upon it by the Constitution."

As was said by the Supreme Court of Ohio in the case of Cincinnati v. Pub. Util. Comm., 117 N. E. 381:

"The powers of the Public Utilities Commission are conferred by statute, and it possesses no authority other than that thus vested in it."

The Supreme Court of Missouri, in the case of State ex rel. v. Publ. Serv. Comm., 192 S. W. 958, stated as follows:

"The Public Service Commission is a creature of the statute, and can only exercise such powers as are expressly conferred on it, and the limits of which are clearly defined."

The Supreme Court of Illinois, in the case of State Publ. Utilities Comm. v. I. C. R. Co., 113 N. E. 162, stated:

"The Public Utilities Commission has only such authority as is expressly conferred by statute."

The New York court, in the case of People ex rel. v. Public Serv. Comm., 157 N. Y. Supp. 703, stated:

"The Public Service Commission has such jurisdiction only as is given to it by statute."

If there is any authority for the Corporation Commission to require the consumers of gas to pay, in addition to a reasonable rate for the gas, a certain amount for the purpose of creating a special fund to be known as the "patrons' fund," which may thereafter be used by the gas company with the consent of the Corporation Commission, the same has not been called to our attention. It is, however, suggested that the statute authorizes the Corporation Commis-

sion to exercise managerial control over the gas company, and this order would only have that effect, and that is a matter of which the gas company could complain. While that may be true, yet it is not a question whether the Corporation Commission may exercise managerial control over the gas company, but what authority does the Corporation Commission have to require the people who use the gas to pay an additional amount above a fixed rate to be used in creating a special fund? We know of no such power granted to the commission, and any order made by them attempting to create such a fund would be without authority and void.

It is argued that prohibition is not the proper remedy, as prohibition will not lie to prohibit the doing of a thing that has already been done. The order has not been enforced, and the gas company has no right to collect the money from the people except by virtue of this order of the Corporation Commission. The money has not been collected, and there is no contention that the same will be collected until after the first day of February. We think this objection is technical and without merit; having decided the order is void, the Gas Company would have no authority to collect the money from the people upon a void order.

This court issued writs of prohibition to prevent the enforcement of orders of the Corporation Commission that were void in the following cases: Frisco v. Corporation Comm., 35 Okla. 166, 128 Pac. 496; St. Louis & S. F. R. Co. v. Love, 29 Okla. 523, 118 Pac. 259; Atchison, T. & S. F. R. Co. v. Corporation Commission, 68 Oklahoma, 170 Pac. 1156.

Having reached this conclusion, the order being void, the writ of prohibition should issue enjoining the enforcement of said order.

HARRISON, C. J., and PITCHFORD, JOHNSON, MILLER, NICHOLSON, and KENNAMER, JJ., concur; KANE, J., concurs in the conclusion; ELTING, J., concurs in that part of the opinion in so far as it relates to Oklahoma City, dissenting as to Chandler.