**SOUL et v KLEIN Tee**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12128.  Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON, J and FARR, J, sitting.

Vickery, Duffey & Vickery and Tolles, Hoggsett & Ginn, Cleveland, for plaintiff in error.

Sidney N. Weitz, Cleveland, for defendant in error.

FARR, J.

On June 21, 1926, the Receiver had in his possession more than $1600.00, which it is claimed was sufficient to discharge the judgment creditor's claim and all the costs and expenses accrued in connection with the same.  The payment of $967.18 to creditors of the Mortgage & Guaranty Company was made to numerous small creditors upon their claims and upon order of the Municipal Court.  The appointment of the Receiver was made under and by virtue of §1579-11 GC, which provides in part as follows:

"In all causes the Municipal Court shall have jurisdiction in every ancillary and supplemental proceeding before and after judgment, including aid of execution and the appointment of a receiver, for which authority is now, or may hereafter be, conferred upon the court of Common Pleas or a judge thereof."

So that it becomes readily apparent that the principal issue to be determined here is the right of the Municipal Court to direct its Receiver to completely administer the affairs of such receivership, in a general way, or whether such appointment was special in character and for the sole purpose of collecting assets and discharging the claim of the judgment creditor in question, together with the costs.  Further discussion of the facts connected with this litigation would be superfluous and unnecessary, in view of the fact that as disclosed by the exhaustive briefs filed in this case, which have been read in full, it is appar-

ent that counsel and parties are thoroughly familiar with the facts, and because other issues arising in connection with this matter have been fully litigated,—in fact in another proceeding which reflects directly upon the case at bar, the same being the two cases of **Soul, Receiver vs Lockhart,** and **Bellar vs Soul, Receiver, 119 Oh St 393,** the Supreme Court of Ohio had before it these cases and the construction of above §1579-11 GC, and it was held in the above case as follows:

1. "The only original, civil jurisdiction conferred upon the Cleveland Municipal Court is that found in §1579-6 GC. The sections following are merely supplementary or ancillary thereto, having for their object the conservation and enforcement of its original jurisdiction, conferred by the foregoing section.

2. **Sec 1579-11 GC,** is confined to the Municipal Court's supplementary or ancillary jurisdiction, including its power to appoint a special receiver before and after judgment, to carry its judgments into effect. This section does not authorize the appointment, by the Municipal Court, of a general receiver, under the ordinary "usages of equity." (§11894, 6, GC.)

3. The order of appointment in the instant cases, as shown by the court's entry, was simply an order appointing a special receiver for the corporate assets for the purpose of applying the same "toward the satisfaction" of the judgments."

Therefore, it is clear from the foregoing, that the Supreme Court of Ohio adhered to the view in the above cases, that the Municipal Court of the City of Cleveland is invested with only limited jurisdiction in such case. That is to say, that it may appoint a Receiver in aid of execution and that its jurisdiction extends no farther than to direct its Receiver to collect sufficient of the assets to satisfy judgment and costs. It is true that in the instant case the Receiver went forward under the direction of the Municipal Court, brought numerous suits, some forty-five in number, to collect on unpaid stock subscriptions, and disbursed the funds in payment of attorney fees and costs and among the creditors of the Mortgage & Guaranty Company, and this, regardless of the limitation placed upon the above §1579-11 GC, by the Supreme Court of Ohio.

The jurisdiction of the Municipal Court being fixed by statute.

In connection with this proceeding the Trustee in Bankruptcy applied to the Referee in Bankruptcy for an order directing the Receiver to pay over to him the funds of the Receivership. Whereupon the Referee held that the Trustee should apply to the Municipal Court for such order and which was accordingly done, with the holding adverse to the Trustee who was then directed to submit the issue involved to the United States District Court of this District, where the holding of the Referee was affirmed; Soul was then directed by the Municipal Court to carry the case to the United States Circuit Court of Appeals, which was done accordingly, and the Referee and District Court were affirmed **In Re Conservative Mortgage & Guaranty Company,** which case is reported in **24 F (2nd) 38,** where, in the third proposition of the syllabi, it is held:

"3. BANKRUPTCY. Execution, levy and bill in aid of execution filed in state court more than four months before bankruptcy gave lien on bankrupt's property, not affected by bankruptcy adjudication.

Execution, levy and bill in aid of execution filed in state court by bankrupt's creditor more than four months before bankruptcy, gave lien on bankrupt's property to the extent of the judgment, interest and costs thereon, and costs of bill in aid of execution; such lien being a lawful preference, not affected by bankruptcy adjudication."

The foregoing is in harmony with the great weight of authority. Knappen, Circuit Judge, in speaking for the court at page 41, observes as follows:

"Both the referee and the District Judge regarded the extension of receivership beyond the enforcement of the judgment plaintiff's execution as not only erroneous, but beyond the court's jurisdiction. We agree with this view."

Which is in effect to say that the Municipal Court was without jurisdiction to proceed to the administration of the receivership generally and which holding this court believes it should follow. Therefore, the foregoing cases are determinative of the issues here, and while the Receiver acted in obedience to the orders of the Municipal Court, yet the subsequent orders made other than for the satisfaction of the judgment of Dworken and Bradley, were void and of no effect.

It is insisted that error should have been prosecuted from such orders. This would have been of no avail if they were without authority of law and if the Municipal Court

was without jurisdiction to make them, and so it is held in numerous cases as follows:

Oklahoma City vs Corporation Com. 80 Okla. 194

People ex rel vs Burke, 72 Colo, 486.

Freeman on Judgments, Sec. 226, 324, 354.

Hardware Co vs Mong Co. 27 S. W. 120. Especially p. 104.

These cases differ somewhat as to facts but announce a principle which may be applied here. It is well settled that if jurisdiction was lacking the judgment would be subject to collateral attack. It is urged, however, that error was not prosecuted from these orders and that plaintiffs in error are without a remedy. It must be kept in mind that there is a vast difference between an erroneous and void order, in that error may be prosecuted from an erroneous order but not from a void order, because there is no valid judgment to prosecute error from.

For the reasons given there is no alternative but to affirm the judgment of the court below. and it is so ordered.

MAUCK, PJ and MIDDLETON, J, concur.