## FRENSLEY et al. v. FRENSLEY.

No. 26355.    Sept. 10, 1935.

Stephen A. George, for petitioners.

Sigler & Jackson, for respondent.

PHELPS, J.  B. F. Frensley died leaving a will bequeathing his property to his six children, providing a trustee to ho'd the same for the use and benefit of said children for period of 20 years, with a provision in the will that if either of said children died without issue, his or her portion thereof should go to the survivors. There was another provision in the will reading as follows:

"Without being subject in any manner to the order or intervention or control of any husband and wife of any or either of them may have or of any creditors of any or either of them, or of their husband or wife aforesaid. My object being to secure to each of my said children for 20 years the use and enjoyment of all the income from said property beyond and without the intervention or control of any husband or wife of any and either of my said children or any creditors of them."

T. B. Frensley, one of the plaintiffs in error here, was the executor and trustee.

May Frensley, the wife of Cecil Frensley, one of the sons of B. F. Frensley, brought suit against him for divorce, alimony and attorney fees, resulting in judgment in her favor, a part of which judgment was as follows:

"It is further ordered, adjudged and decreed by the court that the plaintiff shall receive and said T. B. Frensley shall pay to said plaintiff one-half of all the sums of money hereafter accruing to which the defendant may be entitled to under the will of his deceased father, B. F. Frensley, and said T. B. Frensley is hereby ordered and directed to pay said money to said plaintiff during the twenty (20) years which he is to act as trustee for said property and his successors in office and is hereby directed to pay said sum of money to the plaintiff during said period."

T. B. Frensley, the executor and trustee, under certain provisions in the will giving him authority to do, so, sold certain nonproductive lands belonging to the estate and made distribution of the proceeds of such sale to the various heirs, but failed to pay said May Frensley any part of Cecil Frensley's interest therein, whereupon said May Frensley procured an order from the district court of Carter county requiring T. B. Frensley to file a complete inventory and statement of the amount of moneys he had received as executor and trustee, and to account for the disposition thereof and show cause why he should not be held in contempt of court for failure to pay to May Frensley one-half of the amount going to Cecil Frensley from the sale of such land. T. B. Frensley, the executor and trustee, and Cecil Frensley filed their answer or response in which they contended that the county court of Carter county had exclusive jurisdiction of said estate matter, and further attacking the judgment of the court in the divorce action in so far as it directed the trustee to pay to May Frensley any portion of the estate going to Cecil Frensley, contending that the provisions of the will placed it beyond the reach of said May Frensley.

This matter was heard and an adverse judgment rendered, and Cecil Frensley and T. B. Frensley, the trustee, filed the supersedeas bond required by the court, perfected and filed appeal in this court. After

the filing of said appeal, upon petition of May Frensley, the district court issued another citation against T. B. Frensley directing him to appear and render a full accounting of all funds received by him as executor and to show what disposition had been made thereof, and to pay to May Frensley such sum as might be adjudged due her under the judgment in the divorce case.

Petitioners then made application to this court for a writ of prohibition against May Frensley and Hon. John B. Ogden, district judge, staying any further proceedings in the district court of Carter county until the question is settled by this court as to whether the funds being held in trust by T. B. Frensley for Cecil Frensley are subject to the order of the district court or to the payment of the judgment of May Frensley in the divorce case.

As a foundation upon which to predicate their petition for writ of prohibition, petitioners contend that, inasmuch as the only question involved in the appealed case is the validity of the judgment directing the trustee to pay half of the amount going to Cecil Frensley to May Frensley and that question is appealed to this court, the district court has no further jurisdiction to consider the case. They cite the early territorial case of In re Epley, 10 Okla. 631, 64 P. 18, in which the territorial Supreme Court in the fifth paragraph of the syllabus said:

"It is a well-settled principle of appellate procedure that when a case is brought within the jurisdiction of an appellate tribunal it is taken entirely out of the inferior court. The appeal necessarily removes the matter in controversy to the higher tribunal for review. When, therefore, a case has been brought to this court by appeal or proceedings in error, and a supersedeas or stay granted by the court or justice thereof, the trial court is divested of any jurisdiction in the case pending the determination of the appeal, and it has no power to enforce its judgment or final order unless the supersedeas or stay is set aside or vacated in the appellate court."

They also cite Burnett v. Jackson, 27 Okla. 275, 111 P. 194, in which this court, speaking through Mr. Justice Dunn, said:

"It is a well-settled principle of appellate procedure that, whenever a case is brought within the jurisdiction of an appellate tribunal, it is taken entirely out of the inferior court. The appeal necessarily removes the matter in controversy to the higher court for review. In re Epley et al., 10 Okla. 631, 64 P. 18; Woerner on Am. Law of Administration (2d Ed.) sec. 547, pp. 1202-1204; 4 Enc. L. & P. pp. 246, 256; Du Bois v.

Brown, 1 Dem. Sur. (N. Y.) 317; Waterman v. Ball, 64 How. Prac. (N. Y.) 368; Halsey v. Van Amringe et al., 4 Paige (N. Y.) 279; In re Estate of Schedel, 69 Cal. 241, 10 P. 334."

It is contended by respondent that the second citation was an entirely separate matter to that involved in the first citation, and that the appeal taken in the first case was entirely separate and independent of the second citation, and in support thereof cites Stetler v. Boling, 52 Okla. 214, 152 P. 452. But it is not disputed that the questions of law involved in the first case are the identical questions which would be involved in the second citation, to wit: That the county court has exclusive jurisdiction of the distribution of estates in matters properly before it, and that the provisions of the will in question place the property of Cecil Frensley beyond the reach of the judgment of May Frensley. If we adopt the theory of respondent, it might be said that a citation could be issued every day wherein the same questions are involved if plaintiff be willing to petition for such citation and the court be willing to grant it, and successive appeals taken to this court involving the same questions of law.

It has long been the rule in this jurisdiction that a writ of prohibition "will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient. A., T. & S. F. Co. v. Love, 29 Okla. 738, 119 P. 207; Oklahoma City v. Corporation Comm., 80 Okla. 194, 195 P. 498; City of Tulsa v. Corporation Comm., 96 Okla. 180, 221 P. 1000."

The writ is granted.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.